MILLER *et al.* v. STATE *ex rel.* HOLT.

No. 4334. Opinion Filed May 25, 1915.

(149 Pac. 364.)

1.    GAMING—Seizure and Destruction of Property—"Article or Apparatus Suitable to be Used for Gambling Purposes." Sections 2506 and 2507, Rev. Laws 1910, do not furnish authority for the seizure and destruction of money, as being "an article or apparatus suitable to be used for gambling purposes."

2.    GAMING—Seizure of Money—Authority of Officer. In a raid by

the sheriff upon an alleged gambling room, certain gambling tables, implements and apparatus, and a sum of money were seized. Later, the gambling paraphernalia was destroyed and the money ordered to be paid over to the county treasurer. **Held** error, as to the action regarding the seizure and disposal of said money.

(Syllabus by Brewer, C.)

*Error from County Court, Pottawatomie County;*

*Ross F. Lockridge, Judge.*

Proceedings by the State, on the relation of one Holt, against Jerry Miller and others. Judgment for plaintiff, and defendants brings error. Reversed and remanded.

*W. N. Maben* and *Carl Mohrbacher,* for plaintiff in error.

BREWER, C. This is an appeal from an order and judgment of the county court of Pottawatomie county, confiscating and ordering turned over to the county treasurer the sum of $208, seized in connection with a poker table, crap table, chairs and other gambling paraphernalia by the sheriff in a raid. There is no controversy as to the seizure and destruction of the gambling paraphernalia. The only claim made here is that the confiscation of the money was illegal.

No brief has been filed by defendants in error, but it is quite evident that the court had in mind, and was proceeding under sections 2430 and 2431, Comp. Laws 1909 (sections 2506, 2507, Rev. Laws 1910), which read:

"Sec. 2430. Every person who is authorized or enjoined to arrest any person for a violation of the provisions of this act, is equally authorized and enjoined to seize any table, cards, dice, or other articles or apparatus suitable to be used for gambling purposes found in the possession or under the control of the person so arrested, and to deliver the same to the magistrate before whom the person so arrested is required to be taken.

676        SUPREME COURT OF OKLAHOMA.

Miller et al. v. State ex rel. Holt.

"Sec. 2431. The magistrate to whom anything suitable to be used for gambling purposes is delivered pursuant to the foregoing section, shall, upon examination of the accused, or if such examination is delayed or prevented, without awaiting such examination, determine the character of the thing so delivered to him, and whether it was actually employed by the accused in violation of the provisions of this act, and if he finds that it is of a character suitable to be used for gambling purposes, and that it has been used by the accused in violation of this act, he shall cause it to be destroyed."

We are of the opinion that nothing can be found in the above sections of the statute, or elsewhere, so far as we are advised, that will warrant a confiscation of money, on the theory that it is an "article or apparatus suitable to be used for gambling purposes." Besides, whatever the statute authorizes to be confiscated must be destroyed. This is the only disposition that can be made of such property. We are hard to convince that even our most opulent legislators could have intended to so treat a commodity so widely and universally useful and so strangely hard to acquire. We have made some search, but have failed to find a case of this kind, rooted in money, unless it be *Attorney General v. Justice, etc., City of Boston,* 103 Mass. 456, which fact would seem to dispute the proverb that "money is the root of all evil." In an early Kansas case (*Rice v. State,* 1 Kan. [Dass. Ed.] 650), the court ordered various articles of property restored, as not being included within the act, but sustained the confiscation of "the board covered with cloth, and thirteen cards painted thereon, called the lay-out, and the silver box." The idea of the court may be gathered from what is said, yet that case is not strictly in point. But we find some support for the position taken, which, coming as it does from the land that boasts of Plymouth Rock and the "Puritan Fathers," is, we think, entitled to great weight. In that case (*Coolidge v. Choate,* 52 Mass. [11 Metc.] 79), the officers had arrested several offenders and seized a "cock pit" and 24 "game cocks," but the latter were held not

to be "apparatus or instruments of gaming," and this, notwithstanding their very name appears to infringe upon the statute.

As has been said, we do not think that "money" comes under the classification of "articles of apparatus, suitable to be used for gambling purposes." Men do not, save in a sense, gamble "with," but "for" money. It may be true—in fact we have heard it said—that the "bank roll" is an essential in every well-ordered and successful poker game; but so it is with every other business. Its uses are manifold. And further, even if the statute is broad enough to comprehend "money," upon a determination that "it has been used by the accused in violation of this act," it is not proven that such was the case. It is shown that this money was on the table, yet it is by no means clear that it was in the "pot." Certainly none of it had found its way into the "kitty." It may have been that the sporty individual was merely making a vulgar display of his wealth, for the purpose of impressing the bystanders with his affluence; or, it may be that he was merely extracting from his "roll" a small bill, for the purposes of refreshment. It is said that such environs are conducive of thirst. We do not know this to be true, but the close association usually observed between "thirst parlors" and gambling rooms, especially in a prohibition state, lends color to the statement. But, be this as it may, why pursue a dry discussion of a wet subject any further. This case was, in principle, decided last week in that of No. 4323, *State of Oklahoma v. Certain Paraphernalia and C. S. Steele, ante,* 149 Pac. 130, the syllabi of which case reads:

"1. The word 'appurtenances,' as used in section 10, chapter 69, Session Laws 1907-08, page 606 (section 3617, Rev. Laws 1910), does not include money as property that may be seized.

"2. Section 10, chapter 69, Session Laws 1907-08, page 606 (section 3617, Rev. Laws 1910), providing that 'it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurt-

enances thereunto belonging so unlawfully used, * * *' does not legally authorize such officer in making such seizure to seize money."

It is true, that opinion was a construction of a certain section of the statute relating to the illegal sale of intoxicating liquors; but, as has been said, it is applicable and controlling here.

The cause should be reversed and remanded, for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.