### Commonwealth v. Wener et al.

*Criminal law — Illegal lottery — Seizure of devices—Seizure of money—"Money"—Words and phrases—Act of March 31, 1860.*

1. Under the Act of March 31, 1860, P. L. 397, providing for the seizure of "any device or machine" used in gambling, "money" is not a device.

2. Under the act, money seized in connection with any gambling device or machine cannot be confiscated, but must be returned to the owner.

Rule for return of money. Q. S. Phila. Co., Sept. Sess., 1927, No. 756.

*Edmund G. J. Dale,* for petitioner.

*Charles C. Gordon,* Assistant District Attorney, contra.

KUN, J., March 17, 1928.—The above-named defendants were indicted for setting up an illegal lottery and pleaded guilty. Some of the defendants were fined and others were placed on probation. Certain of the defendants filed a petition, setting forth that various sums of money were taken from their persons at the time of the seizure of the alleged lottery and paraphernalia, and the money is in the hands of the Director of Public Safety, who refuses to turn the same over to them, following a practice of his office. A rule was allowed on the Director of Public Safety to show cause why the money so held by him should not be returned to the defendants. No formal answer was filed by the director, but a representative of the district attorney's office appeared on his behalf to argue the questions of law involved.

If there is any authority for the confiscation or other disposition of the money of the defendants, such authority must be found in the statutes of the Commonwealth. The learned representative of the District Attorney's office has argued that since the so-called Gambling Act of March 31, 1860, § 60, P. L. 397, provides for the seizure of "any device or machine of any kind, character or description whatsoever, used and employed for the purpose of unlawful gain in gambling," referred to in the act, the reference to "device" might be construed to include money used in connection with the gambling. It must be stated, however, that, however salutary such a punishment would be, the court cannot declare a forfeiture of persons' money or other property without very clear statutory authority to do so.

It is unnecessary to discuss the meaning of the words "device" and "machine." It is enough to state that it is the opinion of the court that money is not a "device" used in gambling, but is rather the ultimate thing, the prize, for which the gambling devices or machines are used in play. In connection with the provision in section 60 of the Gambling Act for the seizure and removal of any such gambling "device" or "machine," and for its forfeiture, it is provided that the court shall "order it (gambling device or machine) to be publicly destroyed." It is clear to the court that it could not

have been the legislative intent to include money within the descriptive terms "device" and "machine."

The cases of Com. *v.* Milloy, 4 Erie Co. L. J. 95, and Miller et al. *v.* State, 46 Okla. 674, in the Supreme Court of that state, are authority for the proposition that money, even though used in play in connection with gambling devices, does not lose its essential character as money so as to become part of the gambling paraphernalia, and, therefore, cannot be confiscated.

Accordingly, petitioners' rule on the Director of Public Safety for the return of money held by him must be made absolute. An appropriate order may be prepared by counsel for petitioners and notice given to the District Attorney, who shall have ten days within which to file exceptions, in the absence of which the Director of Public Safety will pay over the money held by him to the petitioners in accordance with the order.