THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HYMAN METTLEMEN and Others, Defendants.

County Court, Oneida County, May 31, 1935.

*Earle C. Bastow, Assistant District Attorney,* for the plaintiff.

*F. E. & A. J. Sacco,* for the defendants.

HANAGAN, J.   On March 25, 1933, police officers of the city of Utica placed the above defendants under arrest at 126 LaFayette street, Utica, N. Y., and at the same time and place seized an iron safe containing playing cards, dice, percentage books, quantity of playing chips, together with a sum of money amounting to about $100 and two diamond rings.   Thereafter the above-named defendants were indicted for violation of sections 1530 and 986 of the Penal Law.   Thereafter all of the defendants pleaded guilty to violation of section 1530 of the Penal Law, and the defendants Hyman Mettleman, Ray Heffron and Rocco Sansone — the petitioner herein — pleaded guilty to a violation of section 986 of the Penal Law.

From the date of the arrest until the present time the foregoing articles remained in the possession and under the control of the district attorney.   After the conviction of these defendants, Rocco Sansone, one of the defendants, petitioned this court for an order

directing the district attorney of Oneida county to deliver up the possession of the contents of the iron safe taken from said premises on March 25, 1933.

Section 971 of the Penal Law (keeping gambling apparatus in certain premises) provides: " It is unlawful to keep or use any table, cards, dice or any other article or apparatus whatever, commonly used or intended to be used in playing any game of cards or faro, or other game of chance, upon which money is usually wagered."

Section 977 of the Penal Law provides for the seizure of gambling implements, and reads: " A person, who is required or authorized to arrest any person for a violation of the provisions of this article, is also authorized and required to seize any table, cards, dice or other apparatus or article, suitable for gambling purposes, found in the possession or  *  *  * control of the person so arrested."

Section 979 (gambling implements to be destroyed upon a conviction) provides: " Upon the conviction of the defendant, the district attorney must cause to be destroyed everything suitable for gambling purposes in respect whereof the defendant stands convicted, and which remains in the possession or under the control of the district attorney."

It will be observed that the foregoing sections refer to gambling apparatus or implements. All of the contents of the safe, except the money and the two diamond rings, fall within the plain and obvious sense and meaning of the foregoing sections, as any one of those things would be a device, implement or apparatus for gambling.

" A ' device or apparatus for gambling ' is a device or apparatus designed for carrying on the actual gambling — for determining whether the player is to win or lose, like the wheel of fortune in its manifold modifications, and contrivances of that sort." The test is " whether the implement or device is used in determining who shall win or lose, whether it is an integral part of the actual gambling." (*People* v. *Engeman,* 129 App. Div. 462, 466.)

The money and the two diamond rings contain no scheme for gambling, nor are they a device or apparatus for determining who shall win or lose in gambling.

The money and two diamond rings are ordered returned to the petitioner, and the other contents of the safe are ordered destroyed.