## Commonwealth *v.* Friedken, Appellant.

Argued November 19, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Wm. A. Gray,* with him *Louis A. Bloom,* for appellant.

*Joseph E. Pappano,* Assistant District Attorney, with him *Edward H. Bryant, Jr.,* Assistant District Attorney, *C. William Kraft, Jr.,* District Attorney, and *Wm. R. Toal,* First Assistant District Attorney, for appellee.

OPINION BY DITHRICH, J., January 18, 1946:

This appeal was argued together with the appeal in *Commonwealth v. Petrillo,* 158 Pa. Superior Ct. 354. We have this day filed an opinion and order affirming the order of the court below in the *Petrillo* case. The rule of law applied to the facts there is even more applicable here and need not be repeated. Suffice it to say that the money seized on the person of the appellant in the instant case was clearly an integral part of the illegal gambling operation which he was carrying on in his residence when it was raided by the Pennsylvania State Police.

When searched, $847 encircled by a rubber band was found in one pocket of his trousers. Inserted under the rubber band was a slip of paper listing the names of various persons with an amount opposite each name. In another pocket of his trousers was found the sum of $1000 also encircled by a rubber band, underneath which was a small change envelope on which were likewise inscribed names of persons with amounts of money opposite each name. Appellant readily admitted that he was conducting a bookmaking establishment and entered a plea of guilty to the charge. While the officers were in the apartment they took bets on horse races over the two telephones installed there. Two other persons in the apartment were also placed under arrest. What, if anything, they had to do with the operation of the bookmaking establishment does not appear from the record.

The testimony of the Commonwealth was uncontradicted, unchallenged, and unanswered. Appellant

averred in his answer to the petition of the District Attorney for a rule to show cause why the money seized from his person should not be forfeited, that the sum of $1000 belonged to his wife. At the hearing on the rule neither appellant nor his wife so testified. In fact, no testimony whatever was offered by appellant. In the circumstances we feel that the learned judge of the court below was clearly warranted in ordering the money forfeited.

The order is affirmed.