## Commonwealth *v.* Deavenport, Appellant.

Argued November 19, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*John V. Diggins,* for appellant.

*Joseph E. Pappano,* Assistant District Attorney, with him *Edward H. Bryant, Jr.,* Assistant District Attorney, *C. William Kraft, Jr.,* District Attorney, and *Wm. R. Toal,* First Assistant District Attorney, for appellee.

OPINION BY DITHRICH, J., January 18, 1946:

On November 24, 1944, at 1:15 P.M., the Pennsylvania State Police simultaneously raided three alleged bookmaking establishments in Chester, Delaware County. The proprietors of the three places either pleaded guilty or were convicted and the money seized in the establishments, or so much of it as clearly appeared to have formed an integral part of the gambling operations or was commingled with other money, was subsequently ordered forfeited. We have affirmed the orders of forfeiture in the two other cases (see *Commonwealth of Pennsylvania v. Friedken,* 158 Pa. Superior Ct. 357, and *Commonwealth of Pennsylvania v. Petrillo,* 158 Pa. Superior Ct. 354) and the order in this case will likewise be affirmed.

The sum of $1450.00 ordered forfeited in this case was found in a locked compartment in a safe in the rear of a room partitioned by lattice-work from the front which was a smoke shop. On top of the safe were found racing forms containing information on races about to be run and with the $1450.00 in the locked compartment were eighteen slips of paper identified as records of various types of bets on horses running at Pimlico, Maryland, the afternoon of the raid. The defendant denied that he had the key to the locked compartment, but when he was searched the key was found on his key ring.

The appellant here did not appeal from his conviction on the gambling charges, but paid the fine and costs imposed and served the jail sentence. He then petitioned for the return of the money seized as contraband, and from the order of forfeiture of the cash found

in the locked compartment of the safe he brings this appeal. Fifty-five dollars found in a money bag on the floor of the safe and two checks totaling $58.54 found in the locked compartment were ordered returned to him.

That the $1450.00 involved in this appeal was an integral part of a gambling operation and therefore contraband was clearly established by the overwhelming weight of the evidence. Appellant testified: "I think" it was part of the proceeds "from the sale of corn from a farm that I had in Maryland." But he was not able to explain how it came to be in the locked compartment with the record of bets in a safe which he tried to create the impression belonged to a prior tenant and the key to the locked compartment of which he denied having until it was found on his key ring.

We agree with the learned president judge of the court below that: "In the instant case the sum of one thousand, four hundred and fifty dollars ($1,450.00) found in the locked compartment of the safe, which was found with the slips of recorded horse race bets, was money that had been paid over to James H. Davenport (sic), the defendant in this case, to hold as stakes on certain races to be run at various race tracks. Whatever the results of the races turned out to be the said James H. Davenport (sic) was to pay the winner from this money, if there were any such, and to then retain the balance of the stakes as the take of his establishment. Under these circumstances the Court is justified in finding that this sum of one thousand, four hundred and fifty dollars ($1,450.00) was in fact an integral part of the gambling transaction and was being used at the time of the raid in an unlawful gambling enterprise." *Rosen v. LeStrange*, 120 Pa. Superior Ct. 59, 181 A. 797; *Fairmount Engine Company v. Montgomery County*, 135 Pa. Superior Ct. 367, 5 A.2d 419.

The order is affirmed.