## Runco v. DiJoseph

*James R. Caiola,* for petitioner.

*J. William Ditter,* Assistant District Attorney, and *Bernard E. DiJoseph,* District Attorney, for respondent.

CORSON, J., January 4, 1957.—The present petitioner, James Runco, was convicted in the court of quarter sessions of bookmaking.

At the time of his arrest, a search of his person revealed various sums of money totaling $1,520. This money was seized and produced at the trial. Even without the admission of the actual money in evidence the jury promptly convicted Runco, and there can be no quarrel with the jury's verdict.

At the trial, defendant did not take the stand, in the present case did not offer any depositions, and it was agreed that the testimony at the trial should be considered as the testimony in this proceeding. Petitioner contends that we should follow the ruling of this court in the case of Robert F. Connelly v. District Attorney of Montgomery County, which was affirmed by the Superior Court in an opinion filed November 13, 1956 (Connelly v. Weber, 182 Pa. Superior Ct. 187), wherein this court refused to declare money found upon the person of the operator of a crap game to be an integral part of such gambling activity.

It is interesting to note that there is considerable difference between the operation of a crap game and bookmaking upon horse races. In craps the money is upon the board during the play, and one roll of the dice may determine the ownership of such money. When such winnings are reduced to the possession of the winner and placed in his pocket, such moneys can no longer be said to be an integral part of the game. In the case of bookmaking, however, the bookmaker receives the money, and the ownership of such money is not determined until after the running of a particular race, which may be minutes, hours or even days after the placing of the bet.

In the present case, if the moneys found on the person of petitioner Runco had been the only thing found upon his person, it may be that the ruling in the Connelly case would apply. However, the undenied testimony discloses that there was also found upon Runco's person 13 slips indicating race bets wherein the bettors had deposited $70 with Runco. These bets evidently were recent, and at least one or two of them were bets made by Commonwealth's witnesses and were in their handwriting. It might be argued that only $70 of the moneys found on Runco should be confiscated. However, we do not believe that any judge in these present

days leads such a cloistered existence as to believe that all bets are made at even money. Depending upon the odds, a $2 bet may return $200 or a "daily double" much more.

It is necessary, therefore, for a bookmaker to have a reserve to meet unexpected wins, and as to the $1,300 in the wallet, such a "roll" is necessary not only as a reserve but also for the purpose of impressing bettors with the fact that the bookmaker is able to pay and will not "welsh" on the bet.

We feel, and find, that the money found upon petitioner at the time of his arrest formed an integral part of his illegal gambling operations and that such is to be determined by the court upon the evidence, in this case, the testimony, before it: Commonwealth v. Petrillo, 158 Pa. Superior Ct. 354 (1946) ; Urban's Appeal, 148 Pa. Superior Ct. 101, 113 (1942).

We feel that the present case is most similar to the case of Commonwealth v. Deavenport, 158 Pa. Superior Ct. 359 (1946). In that case the $1,450, together with slips containing horse bets, was found in a locked compartment of defendant's safe. The court held that it was properly subject to confiscation. In the present case, the slips and money were both found upon defendant's person. We feel, therefore, that the petition for the return of this money must be dismissed and the rule discharged. We therefore enter the following order:

And now, January 4, 1957, the petition of James Runco seeking the return of money seized upon his person at the time of his arrest is dismissed, and the rule granted upon such petition is discharged. An exception is allowed to petitioner.