**UNITED STATES** of America,
Libelant,

v.

**THREE THOUSAND TWO HUNDRED THIRTY-SIX DOLLARS ($3,236) and All Persons Interested Therein, Respondents.**

**Civ. No. A-14135.**

District Court, Alaska
Third Division, Anchorage.
Nov. 21, 1958.

U. S. Atty., Anchorage, Alaska, **for** libelant.

Hellenthal & Cottis, Anchorage, Alaska, for respondents.

McCARREY, District Judge.

This case arose when the United States filed a libel of forfeiture against $3,236, allegedly the bank in an unlawful gambling game. Certain parties claimed the defendant money and opposed the libel by the United States.

The stipulated facts were as follows:

"Libelant and claimants agree upon the following statement of facts:

"1. On September 11, 1955, claimants were playing cards for money and chips at 725 E. Twelfth Avenue, near the City of Anchorage, Third Judicial Division of Alaska.

"2. Said premises are outside the City of Anchorage, and were at the time being used as a dwelling by the claimant Steve Dwyer.

"3. Law enforcement officers having had the premises under surveillance for several hours, forceably entered them without a warrant of arrest, and without a search warrant.

"4. Money, chips, and cards were on the table and were seized by the officers.

"5. Persons playing cards at the time of the seizure were given 'arrest tickets' on the offense of gambling. The tickets directed them, and they agreed to appear before the U. S. Commissioner and ex-Officio Justice of the Peace at a given time in connection with the offense.

"6. The money involved in this proceeding was in a locked metal box affixed to the wall of an adjoining room or closet, the door of which was closed.

"7. The following persons are the owners of the monies: Charles H. Steele, Madison B. Brown, William Franklin Thomas, Tony Bordenelli.

"8. The U. S. Marshal, or his deputy, as one of the raiding officers, seized the locked box containing the monies. It was taken outdoors and forced open. The U. S. Marshal has retained the monies, and still retains them.

"9. Claimants pleaded guilty before the U. S. Commissioner and ex-Officio Justice of the Peace upon a charge of gambling.

"10. Claimants, who are the same persons as the defendants in said causes, have demanded the return of said monies and checks from the U. S. Marshal, and have provided the U. S. Marshal with certified copies of the foregoing orders."

The case was submitted on briefs and the following issues are before the court for decision:

1. Is United States currency and coin seized during a raid on a prohibited gambling game an implement of gambling and subject to forfeiture under the wording of Section 4–2–1 A.C.L.A. 1949?

Section 4–2–1 A.C.L.A.1949. " * * and all gambling implements shall be seized by the United States marshal or any of his deputies, or any constable or police officer, and destroyed; * * * "

2. Does the Alaska statute of limitations pertaining to forfeitures, Section 55–2–7 A.C.L.A.1949, bar the libelant United States from subjecting the respondents' $3,236.00 to forfeiture?

Section 55–2–7 A.C.L.A.1949. "Within two years. Within two years—* * * Second. An action upon a statute for a forfeiture or penalty to the United States or the Territory of Alaska. * * * "

I find that the question of whether Section 4–2–1, supra, allows forfeiture of United States currency and coin seized in a raid on a prohibited gambling game has never been decided by the courts in Alaska. Therefore, it is necessary to study the statutes and case law in other jurisdictions in order to find an answer consistent with acceptable principles of reason and justice.

The case law on money as a gambling implement is in conflict. The following decisions are typical of those which hold that money is not an implement of gambling under any circumstances:

Miller v. State ex rel. Holt, 46 Okl. 674, 1915, 149 P. 364, 365 "We are of the opinion that nothing can be found in the above sections of the statute, or elsewhere, so far as we are advised, that will warrant a confiscation of money, on the theory that it is an 'article or apparatus suitable to be used for gambling purposes.' Besides, whatever the statute authorizes to be confiscated must be destroyed. This is the only disposition that can be made of such property. We are hard to convince that even our most opulent legislators could have intended to so treat a commodity so widely and universally useful and so strangely hard to acquire."

People v. Mettlemen, 155 Misc. 761, 1935, 281 N.Y.S. 474, 476, under a statute providing: "Upon the conviction of the defendant, the district attorney must cause to be destroyed everything suitable for gambling purposes, in respect whereof the defendant stands convicted, and which remains in the possession or under the control of the district attorney."

"* * * authorized and required to seize any table, cards, dice or other apparatus or article, suitable for gambling purposes, found in the possession or * * * control of the person so arrested."

Money and diamond rings mixed with cards and chips in a safe were held not to be implements of gambling. In accord Rader v. Simmons, 264 App.Div. 415, 1942, 35 N.Y.S.2d 573.

The following cases are typical of the majority rule which holds that money, if it is an integral part of the gambling operation, is subject to forfeiture: Rosen v. Superintendent of Police, 120 Pa. Super. 59, 1935, 181 A. 797, Commonwealth v. Blythe, 178 Pa.Super. 575, 1955, 115 A.2d 906, Kenny v. Wachenfeld, 14 N.J.Misc. 322, 1936, 184 A. 737, People v. Wrest, 345 Ill.App. 186, 1952, 103 N.E.2d 171, Gilley v. Commonwealth, 312 Ky. 584, 1950, 229 S.W.2d 60, 19 A.L.R.2d 1224.

In the following cases the factual situation was similar to that in the present case and the money seized was held to be an integral part of the gambling operation:

Schuettler v. Maurer, 159 Pa.Super. 110, 1946, 46 A.2d 586. In this case the money in question was found in a pocket of a coat belonging to a participant in the game but hanging on a hook on the wall. Commonwealth v. Deavenport, 158 Pa.Super. 359, 1946, 45 A.2d 405. In this case money was found in a safe in a separate room from the gambling operations and it was mixed with bookie slips. Krug v. Board of Chosen Freeholders of Hudson County, 3 N.J.Super. 22, 1949, 65 A.2d 542. The money in this case was found in a black canvas bag in a cabinet or shoe box, in a locked closet immediately adjacent to one of the rooms used in the gambling operations.

This court feels that the majority rule stated in the above cases, that money is subject to forfeiture as an implement of gambling if it is an integral part of the operation, should be the law in Alaska, and I so find. To hold otherwise would be contrary to the trend of modern authority and would require an unduly restrictive reading of Section 4–2–1, supra. This court in its holding is not unaware of the recent California case of Lee On v. Long, Cal.App.1950, 223 P.2d 894, where the court applied the old Latin maxim *expressio unius* to a case where the legislature had not specifically provided for forfeiture of money used in gambling in the factual situation of the case. However, this court feels that if money is an implement of gambling, as I have so held, then Section 4–2–1, supra, is sufficient authority on which to base a forfeiture.

Before deciding whether the Alaska statute of limitations relating to

forfeitures bars the present action, an understanding of forfeiture procedure is necessary. Forfeiture, as a punishment for crime, is unknown in the United States and is specifically prohibited by statute in Alaska Section 65–2–15 A.C.L.A.1949. Forfeiture in regards to gambling implements in Alaska is statutory in nature, Section 4–2–1 supra, and applies to the res or objects seized as part of the crime. Where objects such as faro tables, roulette wheels, etc., are seized and it is obvious that these objects can be used for only one purpose, gambling, no libel need be filed, and under Section 4–2–1 supra, the police officers seizing them may destroy them on the spot, unless they wish to retain them for evidence. Where the object seized is capable of use in non-prohibited activity, the party seizing the object must file a libel in rem against the object and prove by the weight of evidence (See 23 Am.Jur., Forfeitures § 19, p. 616) that the object was an implement of gambling in the context in which it was seized. This is necessary in order to perfect the seizure and forfeiture. It is the same type of procedure followed in admiralty practice where a ship is treated as a person for purposes of suit. Because the forfeiture action is an action in rem, separate from any criminal action brought in conjunction with the seizure, no prior conviction of the alleged owner is needed to sustain the action, and it can be maintained where the owner has been acquitted of the crime charged. See 23 Am.Jur., Forfeitures § 14, p. 611. Thus as the forfeiture libel is treated as an independent action separate from any criminal proceeding, the question to be determined is when does the statute of limitations start to run?

The Alaska statute of limitations relating to forfeitures, Section 55–2–7, supra, requires that an action be brought within two years. As the action is independent of any other criminal proceedings, this can only mean within two years of the seizure. The Government contends that because the money was in custodia legis as evidence in a criminal action against the owners, the statute could not start running until the criminal action was completed. It is clear that the money does not have to be returned while it is in custodia legis, but that is no reason why title to it cannot be adjudicated. This seems to be the clear intent of the Alaska statute of limitations, Section 55–2–7 supra. If the Government does not succeed in its forfeiture action, it may keep the money as evidence until the associated criminal proceeding is completed. From the facts in this case, it appears that the money in question was seized on September 11, 1955, and the libel in rem filed on December 12, 1957. This is two months beyond the time limit allowed by the Alaska statute of limitations, Section 55–2–7 supra, and thus the libel is barred.

For the reasons stated, this case is hereby dismissed and the money ordered returned to the respondents.