GREGORIO APONTE *v.* EVARISTO RIVERA

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 14-633-3592

Argued August 12—decided November 6, 1963

*Michael A. Connor, Jr.,* of Hartford, for the appellants (garnishees city of Hartford and its police department).

*Arthur M. Lewis,* of Hartford, for the appellee (plaintiff).

KOSICKI, J. The present suit represents but one facet in a manifold factual situation which has resulted in a multiplicity of actions in the Circuit Court and the appearance of other parties besides those in the present controversy. For a correct understanding of the facts and issues, we have acceded to the promptings of counsel that we take judicial notice of the cases pending in the Circuit Court and of actions taken by the Circuit Court in other matters having a direct and immediate bearing on the present appeal.

The following facts are undisputed: On February 20, 1963, the plaintiff and the defendant resided at 42 William Street in Hartford. On that date the defendant was arrested at that address for policy playing in violation of § 53-298 of the General Statutes. At the time of the arrest the Hartford police seized a quantity of money, consisting of $2148 in currency found in a suitcase on the premises, $476.85 in silver coin, and a number of checks. On February 28, following a plea of guilty by the defendant and his conviction, the court, after due notice and hearing, ordered forfeiture and confiscation by the state of the $476.85, adjudged as being integrally connected with the crime and a nuisance. § 54-35. The checks were found to be paychecks belonging to the plaintiff herein. The court held that the currency in the amount of $2148 was not subject to forfeiture and ordered it to be returned. Upon representation by defense counsel that this money belonged to the plaintiff herein, it was indicated by the court that it should be returned to him. The garnishees in the present case were not parties to the confiscation proceeding.

Immediately thereafter, the plaintiff made demand for the return of the aforesaid money on Thomas J. Hankard, head of the detective division

of the Hartford police department, who had the money in his custody. Hankard refused to surrender it on the ground that the defendant owed money for welfare payments made to him in the past by the city of Hartford. Shortly thereafter, Hankard was served with a copy of a complaint and a process of foreign attachment brought by the city of Hartford against the defendant. This action was later discontinued.

In the present action, a garnishment was made of funds of Rivera in the hands of the city of Hartford, the Hartford police department, and the clerk of the Circuit Court for the fourteenth circuit. The clerk disclosed that no such funds were held by him. There was no disclosure or appearance by the remaining garnishees, the present appellants. A default judgment was entered for the plaintiff on April 8 in the amount of $2148, with costs. Execution was issued on April 26 and returned unsatisfied on April 30.

On March 15, Rivera and Aponte had commenced action against Hankard for a wrongful detention and conversion of said funds. This suit is now pending. See *Rivera* v. *Hankard,* 2 Conn. Cir. Ct. 324. On April 30, Aponte instituted a scire facias action against John J. Kerrigan, chief of police of Hartford, to determine Aponte's ownership of the money garnished in the present action. This action is pending in the Circuit Court for the fourteenth circuit. On May 16, the garnishees herein moved to open the judgment in this case, rendered April 8. The motion was denied on June 19. The garnishees' only assignments of error are (in haec verba): (1) The judgment entered is against the public policy of this state; (2) it would make a mockery of justice and set a dangerous precedent which would encourage gambling in this

state; and (3) it prevents the police from seizing and confiscating money connected with a gambling activity. The garnishees claim that they have the right to defend in place of a nonappearing defendant (§ 52-88) and were not negligent in having failed to do so, since they had no notice of the plaintiff's intention to claim default and judgment. If we assume, without deciding, that they had the right to defend, it does not inevitably follow that the decision of the court denying the motion to open the judgment was incorrect.

"The effect of the entry of the default was to preclude . . . [the defendant] from making any defense in the action. *Paiwich* v. *Krieswalis,* 97 Conn. 123, 125 . . . . The judgment . . . upon that default necessarily followed." *Jacobson* v. *Robington,* 139 Conn. 532, 535. "An application to open a judgment upon default is, when not based on a pure error of law, addressed to the sound discretion of the court. *Jartman* v. *Pacific Fire Ins. Co.,* 69 Conn. 355, 362 . . . ." *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 34. The action of the court on such application "will not be disturbed on appeal unless it appears that the court acted unreasonably and in clear abuse of its discretion." *Cichy* v. *Kostyk,* 143 Conn. 688, 697.

In their assignments of error, the garnishees unmistakably indicate that they are seeking to relitigate the question of forfeiture decided in the confiscation proceedings referred to above. This they cannot do for two reasons: (1) The decision of the court that the money which is the subject of this suit was not liable to forfeiture was not appealed by the state and must stand. (2) Neither of the garnishees has any interest in the money as an object of forfeiture; the only party which could have been adversely affected by the decision releas-

ing the money was the state, acting through the prosecutor in the criminal case from which the confiscation proceedings stemmed.

It is evident from the record that both the defendant and the garnishees proceeded on the mistaken assumption that the order of the court releasing the money was decisive of the question of its ownership. The language of the order, to be sure, was somewhat broad and purported to direct the return of the money to Aponte, the claimant in the confiscation proceedings, instead of to Rivera, the defendant in the criminal action. That order, however, did not and could not determine the question of title without violating the constitutional right of due process. It was issued in a summary action, the sole purpose of which was to decide whether the money, otherwise not subject to seizure as contraband, was an object of forfeiture—because of its use in a prohibited gambling activity—in furtherance of the public policy of discouraging such activity by destroying or confiscating the means used in it, in addition to imposing the prescribed penalties. *State* v. *Verrilli,* 132 Conn. 46, 49; *Macchio* v. *Breunig,* 125 Conn. 113, 121; *Albright* v. *Muncrief,* 206 Ark. 319, 327; *Commonwealth* v. *Friedken,* 158 Pa. Super. 357; *Commonwealth* v. *Petrillo,* 158 Pa. Super. 354; 38 C.J.S. 136, Gaming, § 78 (c).

When the money in dispute was seized by the police and held for use as evidence and later disposition pursuant to statute, it was in custodia legis and immune from garnishment. *Lewis* v. *Hopkins,* 96 Conn. 356, 357; *Stillman* v. *Isham,* 11 Conn. 124, 128; *Boylan* v. *Hines,* 62 W. Va. 486, 487; note, 13 L.R.A. (N.S.) 758. At the moment the order was issued in the in rem proceeding following sentence, the city of Hartford and the Hartford police depart-

ment ceased to exercise legal custody of the money either under § 54-35 or § 54-36 of the General Statutes. See *Hopping* v. *Hopping,* 233 Iowa 993; *Credit Bureau of San Diego, Inc.* v. *Getty,* 61 Cal. App. 2d 823, 832. The money which was declared forfeited became the property of the state; the currency here involved, having been released, was subject to immediate return to its owner. 38 C.J.S. 138, Gaming, § 79 (b). The Hartford police department obviously has no further obligation in connection with, or interest in, this money. The city of Hartford apparently is seeking the opportunity of establishing ownership in Rivera in order that it might impress the fund with a lien it claims to have against Rivera. To do so, it must assert its right as a creditor and cannot accomplish that purpose as custodian under § 54-35. It would seem that the city, not being a party to the present suit, is not bound by the judgment rendered in it. *Fox* v. *Schaeffer,* 131 Conn. 439, 448; *Fuller* v. *Metropolitan Life Ins. Co.,* 68 Conn. 55, 65. There is now pending a scire facias action in which the city does not appear presently as a party. In the light of the foregoing recital of the facts and issues involved, it may be well to consider the advisability of making the city a party. "The scire facias requires the garnishee to appear before the court and disclose under oath whether he has any effects of the judgment debtor in his hands or is indebted to him. The statute specifically states that 'the parties may introduce any other proper testimony respecting such facts.' The issue is whether the defendant in the scire facias action was indebted to the defendant in the original action at the time process of foreign attachment was served on him. *Cunningham Lumber Co.* v. *New York, N.H. & H.R. Co.,* 77 Conn. 628, 630 . . . ; 38 C.J.S. 518, § 261 (4)." *Papa* v. *Youngstrom,* 146 Conn. 37, 39; see *Clime* v.

*Gregor,* 145 Conn. 74, 77; *Parker, Peebles & Knox*
v. *El Saieh,* 107 Conn. 545, 561.

There is no error.

In this opinion DEARINGTON and LEVINE, Js., con-
curred.