Joseph F. Falco, J.
This is a motion on behalf of the defendant for an order directing the return of $3,520 which defendant claims was unlawfully seized from his possession at the time of his arrest on August 18, 1966 for violation of section 986 of the Penal Law of the State of New York.
The burden is upon a defendant who claims that property was seized by the police allegedly as the result of an illegal search .to initially put that fact in issue. This he can only do upon the defendant’s affidavit. (People v. Cangione, 33 Misc 2d 23; People v. Mirasola, 35 Misc 2d 886; People v. Rivera, 41 Misc 2d 934.) Here the motion has been submitted to this court solely upon the affidavit of defendant’s attorney.
The People in their moving papers claim that the defendant was arrested under a valid warrant of arrest and that any search and seizure of property incident to this arrest was legal. (People v. Chiagles, 237 N. Y. 193; People v. Buchalter, 29 N. Y. S. 2d 621.) The People further claim that the money seized was evidence or fruits of the crime for which defendant was arrested. (Penal Law, § 986; Code Grim. Pro., § 792, subd. 4.)
The defendant offers no evidence by affidavit or otherwise that the money seized was in no way connected with an unlawful occupation. This I believe the defendant must plead and prove before an order of this court can be made in his favor. (Hofferman v. Simmons, 290 N. Y. 449, 458.)
Defendant’s counsel cites People v. Mettleman (155 Misc. 761, 762) as authority for the return of the money. I do not believe that case controlling here. In the Mettleman case the application for the order for the return of the money to the defendant was made after his conviction of violation of section 986 of the Penal Law. The court ordered its return to the defendant on the grounds that the money was not “ a device or apparatus for determining who shall win or lose in gambling.” ' (Penal Law, §§ 971, 977, 979.) I am in accord with this decision as far as it goes; however, there is no showing of any kind in the record that the money seized in the first instance was ever considered by the People to be evidence or fruits of a crime as has been *914 alleged in the present case. Had this been the case I think the court would have rendered a different decision.
The defendant’s motion for an order directing the return of the property allegedly illegally seized is hereby denied.