JAMES McALPINE, PLAINTIFF-RESPONDENT, v. CITY OF GARFIELD, BERGEN COUNTY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted February 13, 1948—Decided May 13, 1948.

For the plaintiff-respondent, *Warren Dixon, Jr.,* and *Richard J. Baker.*

For the defendant-appellant, *Chandless, Weller, Kramer & Frank (John Frank, Jr.).*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The suit was brought in the Bergen County Circuit Court by James McAlpine to recover his salary as water plant superintendent of the City of Garfield following his allegedly unlawful discharge on December 13th, 1944. The claim runs from January 1st, 1945. Defendant's

answer was struck and summary judgment was entered. The appeal is from that judgment.

The Garfield Water Commission was the agency of the City of Garfield in the operation and maintenance of the city water system, with authority to hire employees and to fix the salaries which were to be paid by the city. *R. S.* 58:11–14 (under article five) provides that no municipality shall appoint any person as or permit any person to discharge the duties of, superintendent or operator in charge of any water purification or treatment plant purifying or treating water used for potable purposes unless he is the holder of a license issued under the provisions of article five. McAlpine was so licensed. *R. S.* 58:11–18.7 (chapter 234, section 1, *Pamph. L.* 1941) provides that "no person now or hereafter licensed under the provisions of article five of chapter eleven of Title 58 of the Revised Statutes, having direct general charge of the operation and maintenance of public water systems or sewage disposal or treatment plants after five years' consecutive service in any such position shall be removed from his position or subjected to a reduction of salary except for good cause and after a public hearing."

In *McAlpine* v. *Garfield Water Commission,* 135 *N. J. L.* 497, as a consequence of which this action was brought, we found that McAlpine had been employed in the position of water plant superintendent for the City of Garfield since 1924; and that this length of service afforded him the protection, provided by chapter 234, *Pamph. L.* 1941; *R. S.* 58:11–18.7, *supra,* that any removal from office or reduction in salary could only be effected "for good cause and after a public hearing;" and that inasmuch as he had been so employed and was, therefore, under the protection of the statute he could not be discharged without a fair trial. Proceeding from that premise we held that the hearing conducted by the Garfield Water Commission, resulting in a resolution of guilt and discharge, was not a fair trial and that the judgment of the Supreme Court, which sustained the discharge, should, therefore, be reversed. On the going down of the *remittitur* the Supreme Court entered a rule setting aside the resolution of dismissal and directing "that the prosecutor,

James McAlpine, be restored in all things wherein he hath lost by reason of said resolution." That, in our opinion, was a judicial declaration that the dismissal was illegal.

The city is now estopped by judgment from contending that McAlpine was not employed as water plant superintendent for the City of Garfield. Our determination *contra* on the appeal from the discharge was essential to the judgment there reached and is conclusive. *Credit Adjusters and Collectors, Inc.*, v. *Bergen-Essex Construction Co.*, 127 *N. J. L.* 547.

Appellant now argues that it was not a party to that litigation. But it was a party thereto through its agency, the Garfield Water Commission, set up by the city for the purpose of doing that which it undertook to do. The city delegated to the agency the authority to control and manage the water plant and to employ and fix the salaries of help necessary for the efficient operation, maintenance or extension of the plant, and to release help; and the city paid the help thus employed and at the rate so fixed. The city could not lawfully, directly or through its agency, function without a superintendent, nor could it "appoint any person as or permit any person to discharge the duties of, superintendent or operator in charge" of its water purification or treatment plant purifying or treating water used for potable purposes unless he was the holder of such a license as was possessed by McAlpine. *R. S.* 58:11–14. Respondent is clearly within the application of the statute, *R. S.* 40:46–34, which provides that whenever a municipal officer or employee has been illegally dismissed from his office or employment, and such dismissal has been declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 12.

*For affirmance, not on opinion*—DONGES, HEHER, JJ. 2.

*For reversal*—None.