MORRIS BECKER ET AL., PLAINTIFFS-RESPONDENTS, v. FRANK J. FARLEY, TREASURER OF THE COUNTY OF HUDSON, AND THE COUNTY OF HUDSON, DEFEND-ANTS-APPELLANTS.

Argued February 4, 1948—Decided May 13, 1948.

For the plaintiffs-respondents, *Edward R. McGlynn.*

For the defendants-appellants, *Daniel T. O'Regan (Lewis B. Eastmead,* of counsel).

The opinion of the court was delivered by

McLean, J. This appeal brings before the court for review, judgments entered on a verdict directed in the Supreme Court, Hudson County Circuit, in favor of several plaintiffs who sued to recover moneys taken from them in connection with alleged gambling operations.

During the month of June, 1944, agents of the Attorney-General, then acting as Prosecutor of Hudson County, arrested the plaintiffs-respondents, thirty-one in number, in raids on four gambling establishments. Whatever money they had in their possession was taken from them by the arresting officers; confiscated as contraband of law as a gambling device and as a part of a gambling operation, and turned over to the treasurer of the county. This action was brought to recover the money.

Two grounds of appeal are stated: first, that the trial court erred in refusing to grant the defendants' motion for a nonsuit as to twenty-one of the plaintiffs, for the reason that not one of them appeared in court to testify in his own behalf as to the moneys allegedly taken from him and there was an utter lack of the best evidence and competent proof as to their claims. Second, that the trial court erred in directing a verdict for the plaintiffs, because the question whether the moneys sought to be recovered were moneys used in gambling was for the jury. The second only need be considered.

It is the settled law of this state that where fair minded men might honestly differ as to the conclusions to be drawn from the facts whether controverted or uncontroverted, the question at issue should go to the jury. *Jackson* v. *Delaware, Lackawanna and Western Railroad Co.,* 111 *N. J. L.* 487; *Bennett* v. *Busch,* 75 *Id.* 240.

Money if earmarked or segregated for gambling purposes may be confiscated as a gambling device, *Kenney* v. *Wachenfeld (Supreme Court),* 14 *N. J. Mis. R.* 322, and it is open for the jury to find in the light of all the facts and circumstances that it was received or held for use in the operation of a book making establishment. *State* v. *Morano,* 134 *N. J. L.* 295 (at *p.* 300).

Our examination of the proofs leads us to conclude that this case presented questions which should have been determined by the jury.

The judgments appealed from will be reversed, for the erroneous ruling in directing the verdict for the plaintiffs; and the record will be remitted to the end that a *venire de novo* issue: costs to abide the event.

*For affirmance*—WELLS, DILL, JJ. 2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, WACHENFELD, EASTWOOD, BURLING, FREUND, McLEAN, JJ. 10.