[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 24 
Plaintiff instituted suit against defendants to recover the sum of $19,420.50, seized on March 28, 1945, when a raid was made at premises in East Newark, New Jersey, where plaintiff was allegedly conducting gambling operations. The money was seized on the theory that it was earmarked and segregated as an integral part of the gambling operation in question. The jury returned a verdict in favor of the defendants, from which judgment the plaintiff appeals.
Plaintiff asserts several grounds of appeal, only two of which we deem essential for a determination of the issue before us, viz.: (1) the trial court erred in its rulings and charge that the burden of proof was upon the plaintiff to establish that the money was not earmarked or segregated for gambling purposes, and (2) that the court erred in its admission into evidence of a statement, consisting of numerous questions propounded to plaintiff and his answers thereto, taken at the County Prosecutor's office shortly after his arrest. *Page 25 
We are persuaded that the court erred in its rulings and charge that the burden of proof was upon the plaintiff to establish that the money was not earmarked and segregated for gambling purposes. The money was seized on the theory that it was an integral part of the gambling operation and thus there attached to it the characteristic of a gambling device. Money as such is not ordinarily an instrument of gambling or subject to seizure and confiscation as such an instrument, but is generally the stake for which men gamble and, therefore, not subject to confiscation as a gambling device. Money may, however, become subject to such seizure where it has become an integral part of the gambling operation. Where money is not found in a gambling device, but was used per se in connection with gambling operations, it has been held that such money after seizure is earmarked and segregated, and becomes contraband as in itself a gambling device. This principle of law was established in the case of Kenney v.Wachenfeld et al., 14 N.J. Misc. 322 (Sup. Ct. 1936), holding:
"It seems clear that since the money was earmarked and segregated, as part of a gambling operation, it could be as well seized as a gambling device. Because of the use, the money became contraband and the appellant may not receive possession thereof."
In the case sub judice, the illegal gambling operation is known as a "numbers game." At the time of the raid the gambling operation was being conducted in two rooms on the second floor of the premises in question, which were admittedly used by the plaintiff as his headquarters. These rooms contained usual household furnishings. In addition, there were desks, adding machines and tables used for the tabulating of the numbers slips, counting of the money, etc., all of which were seized as gambling devices at the time of the raid. The money in question was discovered in a black canvas bag in a cabinet or shoe box, in a locked closet immediately adjacent to one of the rooms used for the gambling operation. The money was in bundles or packages and in wrappers placed thereon by the banking institution from *Page 26 
which it had been obtained. Plaintiff entered a plea of non vult
to the indictment charging him with conducting a gambling operation and was sentenced to eighteen months in the county penitentiary, plus $2,000 fine and costs. Defendants take the position that the money was an integral part of the gambling operation, in that it was for the purpose of paying off those who became the winners of the numbers game. If the proofs establish that the money seized here was connected with and was an integral part of the gambling operation, and dedicated thereto, then the jury could properly find that it was "earmarked and segregated" within the contemplation and meaning of that term as used in Kenny v. Wachenfeld, 14 N.J. Misc. 322 (Sup. Ct. 1936) and Becker v. Farley, 137 N.J.L. 191 (E. A. 1948). "Money if earmarked or segregated for gambling purposes may be confiscated as a gambling device, Kenny v. Wachenfeld, 14 N.J. Misc. 322
(Sup. Ct.), and it is open for the jury to find in the light of all the facts and circumstances that it was received or held for use in the operation of a book making establishment. State v. Morano,134 N.J.L. 295 (at p. 300)." Becker v. Farley, supra. It will be noted that the case of Becker v. Farley, supra, holds that whether the money has been earmarked or segregated for gambling purposes becomes a factual issue. Money as such cannot be seized unless the proofs establish that it was being used as an integral part of the gambling operation. On the other hand, we are of the opinion that money received from playing numbers and held awaiting the determination of the winning number, if segregated so as to be identified as part of the gambling operation, may be confiscated by the authorities. Under the circumstances here, viz.: that the money was in a bag in a locked cabinet in a closet adjacent to the room where the gambling operation was being conducted, and not discovered and seized in the room or rooms containing the gambling devices mentioned and where the gambling operation was conducted, we think required the defendants to assume the burden of establishing that the money was segregated and dedicated as an integral part of the gambling operation. *Page 27 
The plaintiff, in his complaint, charged that the money belonged to him and it was unlawfully seized by the authorities at the time of the raid. Sufficient competent proof of such ownership and seizure under the circumstances, it seems to us, would establish a prima facie case by the plaintiff. Defendants, in their answer, asserted affirmatively that the money was lawfully seized at the time of the raid and "that all of such moneys * * * are forfeited to the County of Hudson for the sole use and gain of said county." Consequently, it became the duty of the defendants to establish by a preponderance of the believable evidence that the money was segregated as an integral part of the gambling operation. The challenged rulings and charge of the court were clearly erroneous and constituted reversible error.
We are of the opinion that the court did not err in admitting into evidence the statement made by plaintiff to the arresting authorities at the prosecutor's office. Plaintiff argues that it was reversible error for the court to admit this statement and that there was no inconsistency between his testimony at the trial below and his answers in the statement. We think this argument is not sustainable. Plaintiff contends that he testified at the trial below that the money in question belonged to him, and that, while he made a contrary statement at the time of his arrest, he lied when he gave his answers at the time the statement was taken. His argument that there is no inconsistency between his testimony and the statement is specious. Plaintiff takes the position that he alone may determine the question as to when he was telling the truth and when he was lying. It was the province of the jury to determine whether he was telling the truth or lying at the trial below or when he made his statement. We think his testimony at the trial and his statement were inconsistent and the court properly admitted the statement for the jury's consideration. See Lambeck v. Stiefel,71 N.J.L. 320 (E. A. 1905); Schloss v. Trounstine,135 N.J.L. 11 (Sup.Ct. 1946). In the latter case the court held, interalia:
"As said by Pollock, C.B., in Darby v. Ouseley, 1 H. N. 1, 5: `The distinction is this: If a party has chosen to talk about a particular *Page 28 
matter, his statement is evidence against himself.' Conduct of a party-opponent relating to the matter in controversy, whether by acts, speech, or writing, which is inconsistent with the truth of his contention, is in itself a fact relevant to the issue. Statev. Willis, 71 Conn. 293, 41 A. 820."
The judgment below is reversed and a new trial is directed.
Judge Jacobs concurs in the foregoing opinion.