I agree that the judgment in this case should be reversed, but I am reluctant to accept Kenny v. Wachenfeld, 14 N.J. Misc. 322, and Becker v. Farley, 137 N.J.L. 191, as accurate statements of the law. The pecuniary penalty for gambling or operating a lottery is a fine of not more than $5,000 to be assessed by the judge. R.S. 2:135-1 et seq. If the gambler's money is also confiscated, he is subject to an additional penalty not provided by the statute and the size of which is determined by chance. In the case at bar, the plaintiff happened to have on hand at the time of the raid more than $19,000 and thus is fixed the amount of the alleged forfeiture. No rule should be lightly adopted that seems to disregard the legislative mandate for the punishment of crimes and to make so haphazard the enforcement of our criminal law.
By the common law; gambling was not unlawful and, of course, money won at gambling or devoted to the gambling operation, was not contraband, or liable to confiscation. From a very early day, our New Jersey statutes have made gambling unlawful and have imposed civil liabilities as well as criminal sanctions for the suppression of the evil. R.S. 2:57-1 et seq., and 2:135-1 et seq. But these statutes give the state or the county no right to money wagered and lost, or found in the possession of a stake holder. On the contrary, title remains in the original owner.Hartford, etc., Co. v. Benevento, 133 N.J.L. 315.
In Kenny v. Wachenfeld the plaintiff admitted that the money which he sought to recover was "bets on race horses which he had collected that day in pursuit of the bookmaker's business." Plainly, he had no title to the money, for it still *Page 29 
belonged to those who had made the bets with him, and so judgment was correctly given for the defendants. See Hofferman v. Simmons,49 N.E.2d 523 (N.Y. 1943), and Dorrell v. Clark,4 P.2d 712, 79 A.L.R. 1000 (Mont. 1931). But the author of the Kenny opinion put the decision on another basis, "Since the money was earmarked and segregated as part of a gambling operation, it could be as well seized as a gambling device. Because of the use, the money became contraband." No authorities are cited in support of this pronouncement, and I know of none that might have been cited. But the court may have had in mind the case of Rosen v. Superintendent of Police, 181 A. 797
(Pa. 1935), then recently published, and later followed inFairmount Engine Co. v. Montgomery County, 5 A.2d 419 (Pa. 1939). However, the rule of these cases seems to apply only to money which is put to a hazard by the players or customers of an illegal gambling operation, which is commingled with other such money and which has not been reduced to the exclusive possession of the winner or of the proprietor of the gambling establishment.
In Becker v. Farley the plaintiffs had been arrested in raids on gambling establishments and whatever money they had in their possession was taken from them. So far as appears in the opinion, the money may have been earned by the plaintiffs in some lawful employment, disconnected with gambling. The only test given is whether the money was "segregated for gambling purposes." The validity of such a test is not self-evident. *Page 30