No. 41,129

The State of Kansas, *Appellee*, v. Twenty Nine Slot Machines, *Appellants*.

(337 P. 2d 689)

Opinion filed April 11, 1959.

*Walter J. Kennedy,* of El Dorado, argued the cause, and *W. H. Coutts, Jr.,* and *W. H. Coutts, III,* both of El Dorado, were with him on the briefs for the appellants.

*Fred W. Rausch, Jr.,* assistant attorney general, argued the cause, and *John Anderson, Jr.,* attorney general, *A. K. Stavely,* assistant attorney general, and *Robert M. Green,* county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal in an action *in rem* instituted by the state for seizure and destruction of certain coin slot machines as gambling devices after notice and hearing to the owner, owners, agent of the owner or owners, or other persons in possession or control thereof.

At the outset twenty-nine machines were named parties defendant but there is no dispute over twelve of them and we are, therefore, concerned only with the seven machines seized from the V. F. W. Club, Post No. 1174, located at 211½ North Main, El Dorado, and ten machines seized from the Loyal Order of Moose Club, R. F. D. 4, El Dorado. The V. F. W. Club and Moose Club were served by the sheriff of Butler county with a notice directed to the owner, owners, agent of the owner or owners, or other persons in possession or control of the seventeen machines. The V. F. W. Club and Moose Club moved for a trial by jury, which the trial court overruled by formal order. These clubs then filed a motion seeking

separate trials which motion was likewise overruled by the trial court. The clubs next filed a motion to dismiss the action for the reasons there is no common law right of action as here attempted by the state and there is no such right of action under Kansas statutes; the purported proceeding is unconstitutional under the federal constitution and the Kansas constitution and is contrary to Kansas statutes and case law. This motion was subsequently overruled by the trial court. The clubs then moved for an order allowing them to inspect all reports made concerning the case by certain persons. This motion was likewise overruled by the trial court. The clubs next filed a motion for rehearing of the motions for jury trial and to dismiss because the state had not followed the mandatory procedural statutes for bringing the action, which dereliction had occurred subsequent to the hearings of said motions. This motion and a general demurrer attacking the sufficiency of the state's petition to state a cause of action against defendants were both overruled. The clubs perfected a timely appeal from the trial court's orders overruling the above motions and specifying those orders as error by the trial court.

The record before us shows that not one of the motions filed in the trial court by the V. F. W. Club or the Moose Club revealed the identity of those organizations or that they own or have any interest in the slot machines which are the defendants in the case before us. The first hint there was any connection between the clubs and the slot machines appears in the statement of facts in the brief of the clubs before this court where it is said,

"This is an action commenced by the state for the seizure and destruction of certain slot machines belonging to the V. F. W. [and] Moose Club. . . ."

However, such a belated attempt to show ownership or interest in the slot machines cannot be considered now because it was not before the trial court. (*In re Estate of Cramer*, 183 Kan. 808, 814, 815, 332 P. 2d 554; *In re Estate of Cramer*, 183 Kan. 816, 818, 332 P. 2d 560.) In the Cramer cases there was nothing before the trial court to show the identity of certain corporations attempting to assert rights in an estate and it was, herefore, impossible to determine whether they were aggrieved parties and thus entitled to appeal from orders of the probate court.

The clubs cite and rely on *State v. Six Slot Machines*, 166 Kan. 361, 201 P. 2d 1039. However, we must take note that in the opening paragraph of that opinion this statement appears:

"Matheny Vending Machine Company, hereafter called the company, filed an intervention claiming to own three of the machines." (p. 361.)

The company was thereby made a party to the action which is not the situation in the case at bar. Notice similar to the one here was served on the Matheny Company and the Cubula Club and included the six slot machines seized although the company claimed ownership of only three of them. This established the identity of the company and also set out the interest it claimed in the subject matter of the action.

It is elementary that the seventeen slot machines, the defendants in the action, would not be able to request or be granted the relief sought in the motions filed by the clubs. To be somewhat more specific, it would be a useless thing to allow seventeen slot machines to have separate hearings or it would be more illogical to allow them the right to inspect all reports or notes of the investigating officers. On the other hand, if the clubs are legal entities and a proper intervention was made by them, it can readily be seen that they may be such proper and interested parties as would be entitled to ask for the relief sought in the motions which, if granted, could be of possible benefit to the clubs. If the clubs have an interest in the slot machines, then they should plead and prove what that interest is. Otherwise, they are strangers to the lawsuit, have no standing herein, and the trial court had no jurisdiction to consider the motions and demurrer with the result, of course, that this court has nothing before it for appellate review.

Appeal dismissed.

FATZER, J., not participating.