No. 42,105

STATE OF KANSAS, *Appellant*, v. TWENTY NINE SLOT MACHINES, the LOYAL ORDER OF MOOSE LODGE No. 1698, and the VETERANS OF FOREIGN WARS POST No. 1174, Intervenors, *Appellees*.

(356 P. 2d 854)

Opinion filed November 12, 1960.

*Fred W. Rausch, Jr.,* assistant attorney general, argued the cause, and *John Anderson, Jr.,* attorney general, A. K. Stavely, assistant attorney general, and *Robert M. Green,* county attorney, were with him on the briefs for the appellant.

*W. H. Coutts, III,* and *Walter J. Kennedy,* both of El Dorado, argued the cause, and *W. H. Coutts, Jr.,* of El Dorado, was with them on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: The state appeals from the trial court's order sustaining intervenors' demurrers to the state's information in the case.

Since this is the same *in rem* action presented in *State v. Twenty Nine Slot Machines,* 184 Kan. 429, 337 P. 2d 689, we need not repeat the circumstances there detailed but shall briefly state that in subsequent proceedings the named Loyal Order of Moose Lodge No. 1698 and the Veterans of Foreign Wars Post No. 1174 moved to intervene. In two formal journal entries approved by all counsel the trial court allowed intervention. The first for Moose Lodge No. 1698 in part reads:

"It Is Therefore by the Court, Considered, Ordered, Adjudged and Decreed, that the Loyal Order of the Moose Lodge, No. 1698, El Dorado, Butler County, Kansas, should be and it is hereby allowed to enter its appearance herein and become a party defendant to this action by way of intervention and to set up its claim to the following property described in the plaintiff's petition: [listing ten of the slot machines]."

The second journal entry, which was for the Veterans of Foreign Wars Post No. 1174, was exactly the same as the first in pertinent part above quoted except that it listed seven of the slot machines rather than ten.

Intervenors then separately moved to make definite and certain, for jury trial and inspection of certain notes and reports. These motions were overruled by the trial court.

Separate demurrers stating identical grounds were then filed by intervenors. The first was that the information contained two causes of action—one against the property of the Veterans of Foreign Wars and one against the property of the Moose Lodge—whereby the causes of action were improperly joined because each cause does not affect all parties to the action. Second, the information did not state facts sufficient to constitute a cause of action against intervenors. The trial court sustained these demurrers on the basis set out in a memorandum opinion sent to all parties in letter form on March 14, 1960. The pertinent part thereof reads:

" 'The demurrer filed by Coutts and Coutts in the above entitled case and argued on March 11th, was taken under advisement. I have restudied the statutes and the cases in regard to the matters involved in the above entitled case and it is my opinion that this action was brought under the wrong statute, that Sections 21-915, 21-916, 21-918, 21-925, 21-935 and 21-944 do not apply in this case, as there is a specific section of our statute being 21-1508, 21-1507 and 21-1509, which specifically apply to slot machines.

"That the case of The State of Kansas vs. Six Slot Machines, 166 K at 361 answers all the questions raised in this case and in my opinion the paragraph beginning at the bottom of page 366 and ending at the top of Page 367 and the last five and one-half lines of the second paragraph on Page 367 are conclusive in this case, and that the demurrer filed by the intervenors should be and the same is hereby sustained, and the action dismissed at the cost of the state.' "

On March 29, 1960, the state filed notice of appeal ". . . from the order of the above entitled Court made on the 14th day of March, 1960, whereby said Court ordered, adjudged and decreed that the demurrers filed by intervenors be sustained." The state's specifications of error are that the trial court erred (1) in sustaining the demurrers and (2) in sustaining the motions to intervene.

These demurrers are to the information which alleged the words, ". . . gambling devices . . . kept *and* used . . ." (our emphasis) while G. S. 1949, 21-944 provides:

"Whenever any judge or justice of the peace shall have knowledge or shall receive satisfactory information that there is any prohibited gaming table or gambling device kept *or* used within his county, it shall be his duty forthwith to issue his warrant, directed to the sheriff or any constable, to seize and bring before said judge or justice such gaming table or other device." (Our emphasis.)

By the use of the word *and* rather than *or*, as above indicated, the information pleads more than the statute provides or requires and the allegation cannot be insufficient on that basis.

Intervenors vehemently argue there must be a previous conviction *of some person* under G. S. 21-1508 and 21-1509, and cite *State v. Six Slot Machines*, 166 Kan. 361, 201 P. 2d 1039, but in that case the state introduced its evidence and it fell short of proof. Similar failure of proof appears to have been present in *State v. One Bally Coney Island No. 21011 Gaming Table*, 174 Kan. 757, 258 P. 2d 225, involving what is commonly called a marble, or pinball, machine which gave only free games. The trial court there made findings from the stipulated facts and concluded as a matter of law that such pinball machine was not a gambling device under G. S. 1949, 21-925. This court affirmed. These two cases, as well as our present case, were all denominated *in rem* proceedings whereby a third person, not an original party, was given an opportunity to exercise his right of ownership or title over the property about to be destroyed. The present effort of intervenors to claim misjoinder of causes of action hardly seems appropriate when the issue is whether these slot machines are, or are not to be, destroyed as gambling devices because even though the state raises as error the sustaining of the motions to intervene, it did not so specify in its notice of appeal and if, because of failure or lack of the state's evidence, the trial court holds these machines, similar to those in the two cases last cited, are not to be destroyed, intervenors will be in position to repossess the *res* since they have been allowed to intervene, and rightfully so. This court, of course, is in no position to say what the state's evidence will be in the trial court and if its evidence shows these slot machines were kept and used as gambling devices, the ultimate outcome will be different. In any event, this court is not called upon to determine the result of evidence until it is properly here for review. In most of the authorities cited a full trial was had and in all of them the state had offered its evidence.

The conclusion is that the trial court erred in sustaining the demurrers of intervenors on the grounds stated therein but properly allowed petitioners to intervene.

Reversed in part and affirmed in part.

Fatzer, J., not participating.