130 N.J. Super. 57 (1974)
324 A.2d 911
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
SANTOS RODRIQUEZ, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued August 6, 1974.
Decided August 23, 1974.
*59 Before Judges HANDLER, MEANOR and CRANE.
Mr. Edward C. Megill argued the cause for appellant (Mr. Edwin H. Stern, Special Deputy Attorney General, Acting Prosecutor of Hudson County and Mr. John J. Geronimo, Hudson County Counsel, attorneys).
Mr. Gerald D. Miller argued the cause for respondent (Messrs. Miller, Hochman, Meyerson & Miller, attorneys).
The opinion of the court was delivered by MEANOR, J.A.D.
On June 23, 1971 $11,036.92 was seized from defendant during a raid on his store and adjacent living quarters. An indictment on various gambling charges followed. Then, because the warrant pursuant to which the search and seizure were made covered only defendant's store and did not include his place of residence, evidential use of the money taken from his home was suppressed. Approximately $1,000 of the money had been taken from the store and the balance from defendant's home.
The case dragged on for considerable time and finally was dismissed on the application of the prosecutor because of the unavailability of a crucial state witness. There never has been a disposition on the merits. Following the dismissal defendant moved for return of the money seized. In support of his motion he filed a cryptic affidavit reciting the seizure and the dismissal, and asserting that "(T)his was my money and had no connection with any gambling operation nor was it the proceeds of any gambling." No contrary proofs were submitted and return was ordered. This appeal followed.
The return of money seized in connection with a prosecution for violation of our gambling laws is governed by N.J.S.A. 2A:152-7 et seq. The parties agree that Rodriquez' application is within N.J.S.A. 2A:152-10 which *60 deals with claims for return of seized items following acquittal "or other final termination" in favor of the defendant. Theoretically, defendant may still be subject to reindictment and prosecution until the statute of limitations runs, N.J.S.A. 2A:159-4, but that prospect is so remote that we have no hesitancy in accepting N.J.S.A. 2A:152-10 as the controlling statute here.
In State v. LaBella, 88 N.J. Super. 330, 341 (Cty. Ct. 1965), it was held that an acquittal of the accused "bars a relitigation of the question of the existence of a gambling operation." An attempt is made to analogize the dismissal here to an acquittal. We need not decide whether the analogy is apt, for the statement quoted from LaBella is inaccurate. One Lot Stones v. United States, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972). The court there pointed out that an acquittal may well rest on an issue foreign to a forfeiture proceeding. Furthermore, it was said that since the forfeiture action involved was a civil proceeding with a different standard of proof, application of the doctrine of collateral estoppel was inappropriate. 409 U.S. at 235, 93 S.Ct. 489. Of course, the government may not relitigate in a forfeiture proceeding an issue necessarily or specifically resolved against it in the criminal action. Id. at 234, 93 S.Ct. 489. See, generally, Annotation, "Conviction or acquittal in criminal prosecution as bar to action for seizure, condemnation, or forfeiture of property," 27 A.L.R.2d 1137 (1953).
Here the County of Hudson would be the beneficiary of a forfeiture of the funds in question. However, the county as a subdivision of the State would be subject to the same application of collateral estoppel. State v. LaBella, supra, 88 N.J. Super. at 341; McAlpine v. Garfield, 137 N.J.L. 197 (E. & A. 1948). We add, too, that we need not tarry over the effect of an illegal seizure of part of the fund claimed. The impact of an illegal seizure upon a forfeiture proceeding has been capably discussed in two recent opinions by former Chief Justice Weintraub. State v. Sherry, 46 *61 N.J. 172, 177 (1965); Farley v. $168,400.97, 55 N.J. 31, 48 (1969).
An action for the return of seized items may be by independent complaint, or by a motion filed in the criminal cause. State v. Sherry, supra. In either event, the action is civil, not criminal, and discovery is a right. See dissenting opinion of Judge (now Justice) Sullivan in State v. Sherry, 86 N.J. Super. 296, 307 (App. Div. 1965), rev'd 46 N.J. 172 (1965). The burden of proof to be carried by all parties is by a preponderance of the evidence and not the criminal standard of reasonable doubt. Krug v. Hudson Cty. Bd. of Chosen Freeholders, 3 N.J. Super. 22, 27 (App. Div. 1949); State v. Fossett, 50 Del. 460, 134 A.2d 272, 276 (Sup. Ct. 1957); State v. Ragland, 171 Kan. 530, 233 P.2d 740, 744 (Sup. Ct. 1951). Cf. Spagnuolo v. Bonnet, 16 N.J. 546, 554-555 (1954).
It is up to the claimant in his complaint or motion to allege a prima facie case and to prove such a case at trial. Krug, supra, where the court said:
The plaintiff, in his complaint, charged that the money belonged to him and it was unlawfully seized by the authorities at the time of the raid. Sufficient competent proof of such ownership and seizure under the circumstances, it seems to us, would establish a prima facie case by the plaintiff. [3 N.J. Super. at 27]
In meeting his initial burden of proof the claimant may be aided by the presumption that the possessor of personal property is the owner of it. Spagnuolo v. Bonnet, supra, 16 N.J. at 554. Once the claimant's burden to establish a prima facie case has been met the burden passes to the State or county to show that the fund was used in or resulted from a criminal transaction. State v. Sherry, supra, 46 N.J. at 178; Krug, supra, 3 N.J. Super. at 25-27; Ben Ali v. Towe, 30 N.J. Super. 19, 22 (App. Div. 1954).
We emphasize the admonition of Sherry, 46 N J. at 175, that claims for return of seized items should not be tried by affidavit, and this is true despite the fact that the action *62 is a summary one. N.J.S.A. 2A:152-10; R. 4:67-1 et seq. This is especially so in a case such as this where the available facts are peculiarly within the claimant's knowledge and the only support of his claim consists of his own factually sparse and conclusionary affidavit. In this context, the entry of summary judgment was improvident.
Accordingly, we reverse and remand Rodriquez' claim for an evidentiary hearing. There has been no conviction, and, hence, the county is not entitled to the favorable presumption that would flow from that event in a proceeding under N.J.S.A. 2A:152-9. Under Krug, supra, all the claimant will have to make out is a prima facie case of a right to possession of the fund superior to that of the county. We believe that if a judgment of forfeiture is sought by the county, it is essential that such relief be claimed affirmatively by cross-motion or other appropriate pleading.
In view of the strong policy against return of the fruits or implements of criminal activity, we order that on remand the parties be given a reasonable time for reciprocal discovery, including a right in the county to depose Rodriquez as well as other witnesses, and that the county be given leave to seek an affirmative judgment of forfeiture.
Reversed and remanded. No costs.