138 N.J. Super. 575 (1976)
351 A.2d 784
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SANTOS RODRIQUEZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 12, 1976.
Decided January 23, 1976.
*577 Before Judges ALLCORN, KOLE and KING.
Mr. Gerald D. Miller argued the cause for appellant (Messrs. Miller, Hochman, Meyerson & Miller, attorneys).
Mr. John Tomasin, Assistant County Counsel, argued the cause for respondent (Mr. Harold J. Ruvoldt, Jr., Hudson County Counsel, and Mr. James T. O'Halloran, Hudson County Prosecutor, attorneys; Mr. M.J. Frank, Assistant County Counsel, and Mr. Gary Newman, Assistant Prosecutor, on the brief).
PER CURIAM.
This is an appeal by defendant from an order denying his motion for the return of $11,036.92 seized in a gambling raid. All charges were dismissed against defendant. The matter was first on appeal in State v. Rodririquez, 130 N.J. Super. 57 (App. Div. 1974), certif. den. 66 N.J. 325 (1974). Thus, we need not repeat the factual background detailed in that opinion. Since the motion by defendant in the prior proceeding was made only with an affidavit, we remanded with directions for an evidentiary hearing to be held. Since money is involved, defendant was required to present a prima facie case of ownership of the money and unlawful seizure thereof. The burden then passed to the State to show that the fund was used in or resulted from a criminal transaction. State v. Rodriquez, supra at 60-62; Farley v. $168,400.97, 55 N.J. 31, 48 (1969); State v. Sherry, 46 N.J. 172, 177 (1965); Krug v. Hudson Cty. Bd. of Chosen Freeholders, 3 N.J. Super. 22, 27 (App. Div. 1949).
On remand the trial judge determined that the presumption under N.J.S.A. 2A:152-7, that the money is "contraband of law" as part of a gambling operation, would apply, despite an acquittal or dismissal of the charges, and found that defendant had not presented sufficient credible proofs to overcome this presumption. The State (here through the county) offered no proofs in its own behalf.
*578 We disagree with the ruling of the court below. Where there is an acquittal or dismissal of the charges, N.J.S.A. 2A:152-10, not N.J.S.A. 2A:152-7 or 2A:152-9, controls. Accordingly, the seizure of the money here in connection with the arrest of defendant for gambling charges would not give rise to a prima facie case that the money is contraband. Defendant had undisputed possession of the money at the time of seizure. As possessor of personal property under the circumstances shown here, he was prima facie the owner of it. State v. Rodriquez, supra, at 130 N.J. Super. 61.
The court erroneously placed on defendant the duty of rebutting the presumption of contraband under N.J.S.A. 2A:152-7, finding that defendant's evidence that the money was lawfully acquired from his retail business was incredible and did not satisfy the burden. However, it correctly stated that if there were no question of contraband, defendant would be the owner of the money.
Defendant here did present a prima facie case of ownership and unlawful seizure of this money. The State had ample opportunity to meet its burden of showing that the fund was used in or resulted from a criminal transaction and, as the court properly concluded, it offered no proofs whatsoever in that respect. Under these circumstances, defendant was not required to go further and demonstrate that the money was not contraband. Accordingly, we are constrained to find that defendant is now entitled thereto.
Defendant's claim for interest, on the record before us, is without merit. Title to contraband, including money used in a gambling operation, is vested in the sovereign from the time of the occurrence of the forbidden act or omission. Farley v. $168,400.97, supra, 55 N.J. at 40-42. Such title, however, is subject to the right of the owner to claim ownership, dispute the question of whether the money is contraband and have a judicial determination of those issues. Here that matter was determined in accordance with the statutory procedure relating thereto. Until such a final determination *579 is made, it cannot be said that the State is liable to pay the money or has wrongfully withheld or delayed payment thereof. Interest thereon, therefore, is not due or payable. See Woodcliff Management v. Twp. of North Bergen, 106 N.J. Super. 292 (App. Div. 1969).
The order of the trial court is reversed and the matter is remanded for an order directing that the $11,036.92 be returned to defendant without interest.