**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**THIRTEEN (13) GAMBLING DEVICES,
Defendants-Appellants.**

**No. 848, Docket 76–6170.**

United States Court of Appeals,
Second Circuit.

Argued April 20, 1977.

Decided June 20, 1977.

---

John R. Wilson, Louisville, Ky. (Charles B. Barris, New York City, on the brief), for defendants-appellants.

William S. Brandt, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Richard J. Weisberg, Asst. U. S. Atty., New York City, of counsel), for plaintiff-appellee.

Before SMITH and FEINBERG, Circuit Judges, and BRIEANT, District Judge.*

PER CURIAM:

In this in rem proceeding involving thirteen gambling machines, claimant Alexander Horner appeals from a judgment in the United States District Court for the Southern District of New York, after a bench trial before John M. Cannella, J., ordering forfeiture of the machines under 15 U.S.C. § 1177. In his memorandum opinion, the judge held that the machines were gambling devices under 15 U.S.C. § 1171, that they were not exempt under 15 U.S.C. § 1172 or 15 U.S.C. § 1178, and that the evidence established that Horner "was well aware of the nature, function and use of the machines . . .. The statute does not require more knowledge than this."

After a thorough review of the record and the applicable law, we conclude that these determinations were correct. See *United States v. Twelve Miami Digger Slot Machines*, 213 F.2d 918 (5th Cir. 1954); cf. *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974); *North Beach Amusement Co. v. United States*, 240 F.2d 729, 732 (4th Cir. 1957). In support of his claim that the Government had to prove specific intent to violate the law, Horner relies on *United States v. United States Coin and Currency*, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), and on *McKeehan v. United States*, 438 F.2d 739 (6th Cir. 1971). But the former decision cannot be read as requiring wrongful intent as a condition of forfeiture, in view of *Calero-Toledo*, supra. And *McKeehan*, whatever its weight after *Calero-Toledo*, should be confined to its unusual facts, as the opinion makes clear.

Judgment affirmed.

* Of the Southern District of New York, sitting by designation.