No. 55,335

STATE OF KANSAS, *Appellant*, v. LINDA DURST, *Appellee*.

(678 P.2d 1126)

Opinion filed March 24, 1984.

*David S. Brake,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for appellant.

*Robert E. Jenkins,* of Jenkins, Way, Turner & Vader, Chartered, of Kansas City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the State of Kansas from an order in a criminal action directing the return of certain property, seized at the time of the arrest of the defendant, to its purported owner. The State sought destruction of the property, under

K.S.A. 22-2512(4), as being contraband gambling devices. The case was transferred from the Court of Appeals pursuant to K.S.A. 20-3018(c). The facts are not in dispute.

Defendant Linda Durst, at the time of her arrest, was an employee of the "1005 Tavern" in Kansas City, Kansas. On October 20, 1982, two Kansas City police officers in plain clothes entered the tavern and began playing poker on two electronic video poker machines. One officer won twenty free games on one machine, while the second officer won eight games on the other. Defendant Durst then paid the officers cash, $5.00 for the twenty games and $2.00 for the eight games. After receiving the payoffs, the officers arrested defendant and confiscated the two machines.

Durst was charged with possessing a gambling device, K.S.A. 21-4307. At a hearing on January 21, 1983, she appeared with her attorney, pled nolo contendere to the charge, and was found guilty as charged. The court assessed a fine of $100.00 and costs.

The remainder of the January 21st hearing was devoted to a motion filed by the State that same day, requesting an order for sale or destruction of the video machines pursuant to K.S.A. 22-2512(4). The record reflects the motion was not served on the attorney for the defendant until the time of the hearing. Although defendant claimed no ownership interest in the machines, defense counsel opposed the State's motion on a variety of grounds requesting instead that the machines be returned to their rightful owner, purportedly "Smokey's Unlimited Vending Company." Defense counsel also advised the court a replevin action had been filed the week before for recovery of the machines but nothing further is shown in the record as to the status of that case. The State argued in support of its motion that, as used, these video game machines were gambling devices and should therefore be destroyed or, in the discretion of the court, sold as contraband. The trial court denied the motion and ordered that the confiscated machines be returned forthwith to their rightful owners. The State then requested the court to enter a stay of its order pending appeal, arguing that the evidence "had" to be kept by the police department for a certain period of time in case defendant's plea was set aside or someone else was to be charged with a related crime. No evidence was presented by the State of any other pending charges or investigation relating to the ma-

chines. The trial court refused to modify its ruling and thereafter the State procured a stay order from the Court of Appeals.

In the present appeal the State repeats its claims, urging that the machines should have been ordered sold or destroyed or, in the alternative, that the State is entitled to retain the devices pending further criminal investigation and possible prosecution. K.S.A. 21-4307(1) provides:

"(1) Possession of a gambling device is knowingly possessing or having custody or control, as owner, lessee, agent, employee, bailee, or otherwise, of any gambling device."

Gambling devices are defined in K.S.A. 21-4302(4) as:

"A 'gambling device' is a contrivance which for a consideration affords the player an opportunity to obtain something of value, the award of which is determined by chance, or any token, chip, paper, receipt or other document which evidences, purports to evidence or is designed to evidence participation in a lottery or the making of a bet. The fact that the prize is not automatically paid by the device does not affect its character as a gambling device."

Our prior decisions have included within the scope of this definition a variety of machines and equipment. We have, however, consistently recognized a distinction between property which is illegal per se and therefore contraband, and property which is capable of innocent use but which may become contraband in a particular case because of the illegal use made of the property. The well-known pinball machine paying a player no money or property, but merely according the privilege of additional free games, is not a gambling device per se because such additional entertainment is not property or "something of value" within the meaning of the statute. *State v. One Bally Coney Island No. 21011 Gaming Table*, 174 Kan. 757, 258 P.2d 225 (1953). In *State v. Thirty-six Pinball Machines*, 222 Kan. 416, 422, 565 P.2d 236 (1977), we said "[i]t is the actual use to which a pinball machine is put that determines whether it is possessed and used as a gambling device" and where cash payoffs are made for free games won on such machines, they are being used and possessed as gambling devices in violation of the statutes and therefore become contraband. In the recent case of *Games Management, Inc. v. Owens*, 233 Kan. 444, 662 P.2d 260 (1983), we held that electronic video poker and blackjack machines, similar if not identical to the machines in question, were not gambling devices per se under K.S.A. 21-4302(4) because the

offer of only free replays as a prize did not constitute "something of value" and the machines are capable of innocent use.

The State asserts that as the free games won on the two poker machines in the instant case were paid off in cash, the machines as used were gambling devices and therefore contraband under K.S.A. 22-2512 which provides in pertinent part:

"When property seized is no longer required as evidence, it shall be disposed of as follows: . . . (4) Articles of contraband shall be destroyed, except that any such articles which may be capable of innocent use may in the discretion of the court be sold and the proceeds disposed of as provided in subsection (2) [paid to the state treasurer]."

Defendant, on the other hand, asserts that under our holdings in *Games Management, Inc.*, and earlier cases, the machines are capable of innocent use, are not gambling devices or contraband per se, and should be disposed of under subsection (6) of the statute, which provides:

"(6) Unless otherwise provided by law, all other property shall be disposed of in such manner as the court in its sound discretion shall direct."

In *Thirty-six Pinball Machines* the State filed an action pursuant to K.S.A. 22-3901 *et seq.*, asserting the machines were possessed and used as gambling devices and should be destroyed. The machines had been seized from various bars and restaurants, the owners of which were lessees or bailees and not the owners of the machines. Criminal charges were brought against the lessees or bailees of the machines because they allegedly were making cash payoffs for free games won in playing the machines. Some of the lessees or bailees were convicted of possessing gambling devices based upon the use of eleven of the machines. This court found that the twenty-five machines not involved in gambling activities were properly ordered returned to their owners as they were not gambling devices per se and were capable of innocent use. The court found the other eleven machines to be contraband because of their use as gambling devices and that K.S.A. 22-2512(4) applied. The court in its opinion stated:

"The above statute [K.S.A. 22-2512(4)] contains no definition of contraband. However, articles of contraband are generally understood to be goods which are illegal or prohibited; goods or merchandise the importation, exportation or sometimes possession of which is forbidden by law or treaty. (Webster's Third New International Dictionary, unabridged.) In our present case gambling de-

vices are contraband since their possession is forbidden by law. (K.S.A. 21-4307.)"

See also *State, ex rel., v. Bissing,* 210 Kan. 389, 502 P.2d 630 (1972). However, it must be kept in mind that in all cases previously considered by this court the owners or persons claiming an interest in the alleged gambling devices were personally before the court as defendants, parties, or had been given notice in appropriate *in rem* actions filed against the property itself.

We have previously applied the provisions of K.S.A. 22-2512(4) in a number of cases. At the outset, however, we note:

"Statutes for the seizure and destruction of property are highly penal and must be strictly construed against the state and in favor of the owner. They should not and cannot be enlarged or extended by courts with the aid of inferences, implication and strained interpretations, but such actions must be fully justified by the statute. Its language cannot be enlarged beyond the ordinary meaning of its terms in order to carry into effect the general purposes for which the statute was enacted." *State v. One Bally Coney Island No. 21011 Gaming Table,* 174 Kan. at 760.

See also *Games Management, Inc. v. Owens,* 233 Kan. at 447.

Appellee in the instant case asserted before the trial court and again on appeal that to order the destruction or sale of these machines under the facts of this case would constitute a taking of property without due process of law in contravention of both the United States and Kansas Constitutions. We agree.

Due process of law has been considered and defined in literally hundreds of Kansas cases arising in a myriad of factual situations. At a minimum the essential elements of due process in an action affecting a person's life, liberty or property are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *U.S.D. No. 461 v. Dice,* 228 Kan. 40, Syl. ¶ 1, 612 P.2d 1203 (1980). Also see cases digested under 3A West's Kansas Digest, Constitutional Law § 251.6 (1984 Supp.) and annotated in K.S.A. Constitutions under the Fifth and Fourteenth Amendments to the United States Constitution.

K.S.A. 22-3901 *et seq.* establish a procedure, which meets the test of due process, for enjoining the use of and abating real and personal property used in unlawful activities. 22-3901 sets forth certain unlawful activities including "*(c)* [p]ossession of gambling devices"; 22-3902 establishes a procedure to be followed by the State through the attorney general or district or county

attorney with appropriate due process safeguards; 22-3903 authorizes proceedings *in rem* against real or personal property and provides "[s]ummons shall be served on the owner or person in possession of such property. Any person claiming an interest in the property shall, upon application, be permitted to intervene as a party defendant," and 22-3904(2) provides for judgment and disposition of personal property used in any of the unlawful activities set forth in 22-3901. We have held that the forfeiture provisions of K.S.A. 22-3901 *et seq.* and K.S.A. 22-2512 must be considered *in pari materia,* are not in conflict with each other, and are constitutional. *Thirty-six Pinball Machines,* 222 Kan. at 420, 422.

The requirement of notice to, and an opportunity to be heard by, the owner of or others interested in property prior to its forfeiture is clearly implied in cases from other jurisdictions. See *United States v. Thirteen (13) Gambling Devices,* 559 F.2d 201 (2d Cir. 1977); *United States v. 18 Gambling Devices,* 347 F. Supp. 653 (S.D. Miss. 1972); *State v. One Red M.G. Convertible,* 6 Conn. Cir. Ct. 282, 271 A.2d 130 (1970). Disposition of property alleged to be contraband because of its use in a gambling operation is subject to the right of the owner or others claiming an interest therein to dispute the question of whether the item is contraband, and have a judicial determination of the issues. *State v. Rodriguez,* 138 N.J. Super. 575, 351 A.2d 784 (1976), *aff'd* 73 N.J. 463, 375 A.2d 659 (1977). A statute for the mandatory forfeiture of machines not contraband per se, which provides no opportunity for hearing and makes no provision for notice to the owner of the devices or for substituted service in an *in rem* action, does not conform to the requirements of due process; only where procedures are followed to assure no infringement of an owner's due process rights, and to secure judicial determination of his rights with respect to game machines, may a forfeiture statute be constitutionally applied. *Smith v. One Super Wild Cat,* 10 Or. App. 587, 500 P.2d 498 (1972). See also Annot., 14 A.L.R.3d 366.

Upon review of the prior cases where we have approved forfeiture of private property through sale or destruction, one fact is clear: the State must first proceed in some manner against the owners or against the property itself. Without exception, all prior forfeiture cases of this type have been *in rem* proceedings

against the property, with concomitant rights of notice and an opportunity to be heard, or actions in which the party asserting an interest in the property is a party to the action. See *Van Oster v. Kansas,* 272 U.S. 465, 71 L.Ed. 354, 47 S.Ct. 133 (1926), affirming *State v. Brown,* 119 Kan. 874, 241 Pac. 112 (1925), (plaintiff owned automobile used without her knowledge by another to illegally transport liquor; plaintiff intervened in forfeiture proceedings after receiving notice); *State v. Six Slot Machines,* 166 Kan. 361, 201 P.2d 1039 (1949), (*in rem* proceeding against slot machine; owner answered after receiving notice of confiscation); *State v. Twenty Nine Slot Machines,* 184 Kan. 429, 337 P.2d 689 (1959), (*in rem* proceeding with notices personally served on owner); *State, ex rel., v. Bissing,* 210 Kan. 389, (action in abatement under K.S.A. 22-3901, *in personam* as to defendant owner/operator and *in rem* as to the property); and *State v. Thirty-six Pinball Machines,* 222 Kan. 416, (action in abatement where, though not apparent owners received notice, they were nevertheless present and participating in the proceedings). The State has cited us to no cases or authority which would authorize the ex parte destruction of private property without some compliance with the due process requirements of notice and an opportunity to be heard.

The fundamental importance of notice and hearing requirements is amply demonstrated in this case where the manner in which the State has proceeded against the two poker machines contains no due process protections for the owner of the machines. The State has failed to proceed against the property itself in an appropriate abatement proceeding and does not have the owner or any other person claiming an interest in the property before the court as a defendant in the present action. Instead the State seeks a mandatory application of K.S.A. 22-2512(4) as a simple post-judgment order in a criminal case without any notice to or opportunity to be heard by those who may have an interest in the property to be destroyed. The State seeks to justify its action by asserting this defendant lacks standing to contest the sale or destruction of the property. The trouble with this argument is that it is the State's own action and proceeding which seeks destruction of property without any semblance of an attempt to follow due process of law. To allow the State to take advantage of its own failure to afford due process to others would

be a flagrant violation of the constitutional and statutory rights of the owners of the property.

We conclude that it would be a violation of the right to due process of law to apply the forfeiture provisions of K.S.A. 22-2512(4) in the manner requested by the State. What the State proposed before the trial court amounted to an unconstitutional application of K.S.A. 22-2512(4), and the trial court did not err in refusing the request. Although the exact basis for the trial court's ruling is not clear, we have often held that the correct result reached even if for the wrong reason will still be upheld. *Farmers State Bank v. Cooper,* 227 Kan. 547, Syl. ¶ 10, 608 P.2d 929 (1980).

Finally the State claims that even if the property may be returned to its owner, it should not be released because it is needed for "future investigations." The trial court found no merit to this argument and no evidence was presented to support it. It has been over seventeen months since the property was seized by the State and no additional charges or investigations are shown by the record. Under the facts of this case, where the State has taken no valid action which would authorize destruction or sale of the property we cannot say that the trial court was in error in ordering the property returned to the owner.

The stay order issued by the Court of Appeals is dissolved and the judgment of the trial court is affirmed.

McFARLAND, J., concurs in the result.