ANTHONY C. LAMBECK, DEFENDANT IN ERROR, v.
EDWARD STIEFEL, PLAINTIFF IN ERROR.

Argued June 24, 1904—Decided November 14, 1905.

1. It is error to exclude from a jury trial, as immaterial, a letter
   written by the plaintiff to a third person, which contains state-
   ments inconsistent with the plaintiff's claim in the suit.
2. If on such a trial the plaintiff has testified on his own behalf, his
   letter to a third person manifesting his personal ill-will toward
   the defendant is admissible evidence for the purpose of affecting
   his credibility.

On error to the Supreme. Court.   For opinion of that court,
see 41 *Vroom* 180.

For the plaintiff in error, *Algernon P. Sweeney.*

For the defendant in error, *Vredenburgh, Wall & Van
Winkle.*

The opinion of the court was delivered by

DIXON, J. This writ of error brings up a judgment of
the Supreme Court affirming, on appeal, the judgment of a
District Court rendered upon the verdict of a jury.   The
action was based on a claim that the defendant had contracted
to employ the plaintiff for a period of six months as manager
of a café in Newark, and had discharged him before the term
expired.   The case presented to the Supreme Court on appeal
was one agreed to by the parties under the act of April 3d,
1902 (*Pamph. L., p.* 565), and that, with the record of the
Supreme Court, is now before us.

At the trial in the District Court the plaintiff was a wit-
ness on his own behalf, and testified to matters essential to
his claim.   In the defence a letter, which a witness testified
was in the plaintiff's handwriting, was offered in evidence
as "relevant, material and illuminative of the whole case,"
but on the plaintiff's objection that it was immaterial the

letter was excluded. This letter had previously been marked *D 2* for identification, but we have found some difficulty in identifying it.

By the witness testifying to the handwriting it is described (*Book, p.* 44) as "a letter written in German with a good many words in English." Immediately after its exclusion the defendant offered in evidence two depositions of E. O. Brandt, which were marked *Exhibits A* and *B*. In objecting to this offer counsel for the plaintiff stated that the depositions had "reference to the letter which had just been excluded by the court," and in the book (*p.* 54) appear these depositions. In one of them (*Exhibit B*) is the following introduction to a question: "You are shown a translation of a letter dated January 16th, 1901, signed A. C. Lembeck and addressed to Adolphus Busch, which is hereto annexed [*Exhibit D 2*]" and annexed is a letter dated January 16th, 1901, addressed "Dear Mr. Busch," signed "A. C. Lembeck," and marked *Exhibit D 2,* which letter, however, is wholly in English. In the briefs of counsel for both parties this letter is referred to as being that which was overruled. On the whole case, notwithstanding the discrepancy as to the language, the letter annexed to this deposition must be regarded as in substance the letter excluded.

Such exclusion was error.

The letter contains statements which are relevant and material in two respects—*first,* they tend to indicate that the plaintiff voluntarily resigned his position as manager of the café, and thus are in some degree inconsistent with his present claim that he was discharged; *second,* they manifest such personal animosity toward the defendant that the jury might think his testimony entitled to less weight on that account than it would otherwise receive. The letter should therefore have been received in evidence, to be passed upon by the jury with regard to both its authenticity and its effect.

Although this matter was not mentioned in the opinion delivered for the Supreme Court, it appears to have been there duly presented.

The judgments of the Supreme Court and the District Court should be reversed, and the cause remitted to the latter court for a new trial.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Dixon, Garrison, Pitney, Swayze, Bogert, Vroom, Green, Gray. 10.