The suit is before me on the return of an order to show cause why defendant should not be enjoined pending final hearing. A preliminary question is raised by a motion to suppress portions of affidavits submitted by defendant on the ground that they are immaterial and incompetent. Defendant upholds their materiality on the theory that they show bias on the part of complainant's affiants.
The bias of a witness may be proved either by cross-examination or by other proof and should be considered by the trier *Page 537 
of the facts when weighing the evidence of the witness under attack. Lambeck v. Stiefel, 71 N.J. Law 320. If the indications of bias are acts or circumstances — such as an assault or employment — no foundation need be laid for the proof, but if bias appears from statements of the witness, then, according to the rule in most jurisdictions, the witness must first be asked if he made such statements before independent proof thereof is admissible. Wigm. Ev. § 953. In the cause before me, the affidavits on both sides were taken ex parte;
there has been no opportunity for cross-examination, and so the last branch of the rule does not apply. It is permissible for defendant to show that complainant's affiants have, by their acts or conversation, manifested ill-will toward her. How much of circumstance and background may be proved is a matter within the discretion of the court.
Objection is also made that the affidavits contain hearsay. The rules of evidence apply in general to ex parte affidavits presented as a basis for decision of an interlocutory motion.Perth Amboy Gas Light Co. v. Kilek, 101 N.J. Eq. 805; Etz v.Weinmann, 106 N.J. Eq. 209 (at p. 223). But the rules are not applied so strictly as on a jury trial, for several reasons: The court is "able to discriminate between that which ought to be listened to and that which ought to be disregarded." State v.Lyon, 1 N.J. Law *403. The decision of the motion is not a final adjudication of the rights of the parties. The situation may necessitate that the affidavits be drafted hastily. Conclusions, rather than the primary facts, may sometimes be stated, in regard to preliminary and collateral matters in order to avoid making the affidavits too voluminous. And hearsay is sometimes proper, especially as a party has no process of subpoena to compel a witness to make an affidavit. Dorrian v.Davis, 105 N.J. Eq. 147 (at p. 153). But the affidavit must relate facts; must state them in direct language; must show the affiant's personal knowledge, or the source of his information.
Without discussing the affidavits to which objection is made, I will state my conclusions. Paragraphs 1 to 20 of the affidavit of Mrs. Schlenger, dated April 6th, 1937, may *Page 538 
stand. Paragraphs 21, 22 and 23 will be suppressed as immaterial, except this: "After my disclosing this information to the officers of the various banks, counsel was retained who made a further investigation and finally a settlement was effected in January, 1937, whereby the banks obtained seventy-five per cent. of their claims." Of course, this sentence states conclusions, based probably on hearsay. But it is merely an introduction to the proof of bias, and so permissible. Paragraph 24 is unobjectionable except the last sentence, "they have upon many occasions expressed to me, and to others who have told me, their hatred for me because of my actions against them." Strike the words in italics, because these others are not named and no excuse is given for not presenting their affidavits. The first sentence of paragraph 25 may stand but not the rest of it, or paragraph 28. Suppress also the first paragraph of Mrs. Schlenger's affidavit of March 17th. The second paragraph as well as the affidavit of Marx are admissible.
Defendant has been ordered to show cause why she should not be enjoined from disposing of proceeds of the sale of merchandise belonging to complainant. Complainant does not point out any specific fund or property as the proceeds of the merchandise, except that the affidavit of Louis Schlenger says that defendant put most of the proceeds in a safe deposit box in a certain bank and with the balance she purchased jewelry and unnamed securities which were also deposited by her in the same box. Defendant denies in detail that she ever converted any merchandise of complainant or had any proceeds thereof. Further, she says that the only purpose for which the safe deposit box was used was to store jewelry belonging to her mother, who died last fall, and that at the present time the box is empty. The order to show cause will be discharged. Costs will await the outcome of the suit. *Page 539