101 N.J. Super. 10 (1968)
242 A.2d 870
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK SMITH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 1, 1968.
Decided May 13, 1968.
*11 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Claude J. Minter, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Peter Murray, Public Defender, attorney).
Mr. Matthew J. Scola, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney; Mr. Lawrence S. Schwartz, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by CONFORD, S.J.A.D.
Only one substantial issue is raised in this appeal by defendant from a conviction of entering with intent to steal, larceny, and receiving a stolen automobile.
*12 Defendant was apprehended by the Newark police as one of a pair of suspects seen in circumstances suggestive of their guilt of theft of television sets from apartments in a housing project. We need not go into the evidence. Defendant asserts innocence, having testified he was at the area of commission of the crime only to visit a friend who was not at home.
The ground of appeal mentioned above is that defendant was unduly restricted by the trial judge in attempting to show bias against him on the part of a Newark police detective who was a principal witness for the State. On a number of occasions, both when Detective Grill was testifying as a state witness and prior to the commencement of and during the presentation of the defense case, defendant sought leave of the court, out of the presence of the jury, to pursue cross-examination in relation to, and offer certain proofs concerning a physical attack upon him by Grill while he was in that detective's custody the day of the arrest. The transcript of testimony of the trial apparently does not include portions of the proceedings wherein defendant's intentions to pursue the stated course were preliminarily discussed between counsel and the trial court. Almost all the rulings complained of by defendant were on proffers of proof out of the presence of the jury rather than on objections by the State to questions put to witnesses.
It was defendant's contention that while he was being transported from the 4th precinct to police headquarters in Newark the day of his arrest by Detectives Grill and Rebar, he was placed in the back seat of the car in the company of Grill, with his hands handcuffed behind him, while Rebar drove; that the car was raised on a lubrication lift in a gas station owned by Grill's relatives, while Rebar remained on the ground; that Grill thereupon struck and beat him while attempting to extract from him the name of defendant's alleged companion in the crime, not yet apprehended; that the attack was so severe as to fracture defendant's cheekbone and cause him to be hospitalized for the next 21 days at Martland Medical Center, and that in consequence of this, defendant *13 complained to the Department of Justice, resulting in an investigation of the matter by the Civil Rights Division of the Department.
The trial court refused to allow any cross-examination of Grill by defendant as to any of the foregoing, indicating it would allow defendant, but only on his own case, to testify to the alleged assault, but would not permit any proof at any time as to any of the other matters mentioned above corroborative thereof. Consistent therewith, defendant was not permitted on his own case to adduce the Martland Hospital records, the testimony of a physician who had treated him for his injuries at the hospital, or the records of the Department of Justice showing that Grill had been questioned in its investigation of defendant's complaint, all of which defendant had subpoenaed.
Confining himself to the restrictions specified in the court's guidelines, defendant testified, in the course of his defense, that Grill assaulted him at the gas station and fractured his cheekbone putting him in the hospital for 21 days. Grill denied the assault on redirect examination, and Rebar corroborated him.
We are satisfied that the limitations imposed by the court on defendant's attempted demonstration of Grill's bias toward him constituted prejudicial error.
It is elementary that a party may show bias, including hostility, of an adverse witness. State v. Pontery, 19 N.J. 457, 472 (1955); State v. Maxwell, 50 N.J. Super. 298, 307 (App. Div. 1958); and see State v. Taylor, 38 N.J. Super. 6, 25 (App. Div. 1955). Cross-examination of an adverse witness to develop the facts of bias is an important right of a party, McCormick on Evidence (1954), § 40, p. 85; and where the witness on the cross-examination denies the facts asserted to demonstrate bias the party may establish such facts by extrinsic evidence, id., at pp. 85-86; State v. Salimone, 19 N.J. Super. 600, 607-610 (App. Div. 1952), certification denied 10 N.J. 316 (1952).
*14 The totality of the circumstances mentioned above, beginning with the alleged assault on defendant by the witness Grill and through defendant's complaint against him therefor to the Department of Justice, constituted relevant evidence tending to show bias by the witness against the defendant; and the basic facts pertaining thereto, without undue elaboration, should have been allowed in evidence, first by cross-examination of Grill, and then, to the extent made necessary by any denial or qualification by the witness, by extrinsic proofs on defendant's case.
While the trial court on such an undertaking by a party has the discretion to determine how far the details may be allowed to be brought out, at least the essential facts demonstrating the possibility of the bias must be allowed in. McCormick, op. cit., 85-86. In this case, the fact of defendant's complaint against Grill to the Department of Justice tends to show Grill's bias in and of itself, apart from any tendency thereof to corroborate the assertion of assault. Grill could reasonably be expected to nurture resentment against one who was prosecuting such a complaint against him. See State v. Taylor, supra.
The State contends there was no prejudice arising from the court's rulings since defendant was allowed to tell the jury that he was assaulted and hospitalized by Grill. But this overlooks the consideration that after the ensuing flat denial by the detectives defendant may well have been disbelieved by the jury, particularly in the light of his admitted prior convictions of crime and the judge's instructions to the jury relative thereto. Defendant sorely needed the corroboration of his testimony as to the assault which would have been afforded by the other evidentiary material referred to above. There was manifest prejudice in the total exclusion thereof.
We fail to find prejudice in defendant's assignments of error concerning proof of the ownership and identity of the motor vehicle in respect of which defendant was convicted of receiving stolen property.
Reversed.