106 N.J. Super. 285 (1969)
255 A.2d 772
IN THE MATTER OF THE APPLICATION OF THE HAMILTON STATE BANK FOR A CHARTER FOR A BANK TO BE LOCATED AT THE NORTHWEST CORNER OF STATE ROUTE 33 AND SHADY LANE IN THE TOWNSHIP OF HAMILTON, COUNTY OF MERCER, AND STATE OF NEW JERSEY.
Superior Court of New Jersey, Appellate Division.
Argued April 7, 1969.
Decided June 27, 1969.
*286 Before Judges GAULKIN, COLLESTER and LABRECQUE.
Mr. Peter P. Walsh, Jr. argued the cause for appellants (Messrs. Jamieson, Walsh, McCardell & Moore, attorneys).
*287 Mr. Sydney S. Souter argued the cause for respondent (Messrs. Souter and Scozzari, attorneys).
Mr. Arthur J. Sills, Attorney General of New Jersey, filed statement in lieu of brief on behalf of respondent, Charles R. Howell, Commissioner of Banking and Insurance (Mr. Joel L. Shain, Deputy Attorney General, of counsel).
The opinion of the court was delivered by COLLESTER, J.A.D.
This is an appeal from a decision of the Commissioner of Banking and Insurance which approved the application of the proposed Hamilton State Bank for a charter for a bank to be located in Hamilton Township, Mercer County. The appellants are the First National Bank of Hamilton Square and the Yardville National Bank, both located in Hamilton Township.
The application for a charter by the Hamilton State Bank was made pursuant to N.J.S.A. 17:9A-9. Attached to the certificate of incorporation were affidavits made by 48 incorporators setting forth the information required by the statute. Hearings upon the application were conducted pursuant to N.J.S.A. 17:9A-11(D) during which the appellants opposed the granting of a charter. At the conclusion of the hearings the Commissioner found that the interest of the public would be served by the establishment of the proposed bank and that conditions in the locality in which the bank would transact business afforded reasonable promise of a successful operation. He approved the issuance of a charter conditioned upon release by the incorporators of 20% of their subscriptions, which were to be sold to residents and business men of Hamilton Township at the same price paid by the incorporators.
Appellants raise three grounds of appeal: (1) the Commissioner erred in ruling that incorporators of the proposed new bank were not subject to cross-examination by the objectors; (2) the evidence presented did not support the decision, and (3) the Commissioner erred in barring the objectors' *288 right to examine into the possible interest of the applicant's expert witness in the outcome of the hearings.
Our disposition of this appeal renders it unnecessary to consider appellants' second point, because of our conclusion that, for reasons hereinafter expressed, the case must be remanded for additional testimony and new or amended findings.
At the outset of the hearings respondent's certificate of incorporation, statutory affidavits of the incorporators, subscription agreements and biographical sketches of the 48 incorporators were received as exhibits. Thereafter, during the course of the hearings the objectors requested that the incorporators be produced for the purpose of examination and cross-examination on the facts set forth in the exhibits. They argued that they were entitled to ascertain through such examination whether the incorporators were the true and only parties in interest, whether they had any interest from a community viewpoint in organizing a new bank or were merely investing to profit from the stock, and if they intended to live up to their subscription agreements.
The Commissioner first directed that the incorporators be produced for examination. Respondent then applied to this court for leave to take an interlocutory appeal from the ruling. The application was subsequently withdrawn when the Commissioner permitted supplemental affidavits to be filed by the incorporators setting forth, among other things, the affiant's residence, the extent to which he was engaged in business in Hamilton Township, whether he had entered into an agreement to sell or dispose of the shares of stock for which he had subscribed, and his continued intention to accept and pay for the same. The objectors still insisted on the right to have the incorporators called as witnesses. The Commissioner then rescinded his previous order that the incorporators be produced and ruled that he would direct that they would be called only if just cause could be shown by the objectors that they were not true parties in interest, did not intend to pay their subscriptions, or had falsified *289 their affidavits. He also indicated that the ruling applied if the objectors desired to call the incorporators as their own witnesses.
Appellants allege that the incorporators' affidavits filed pursuant to N.J.S.A. 17:9A-9, the subscription agreements, and the biographical sketches necessarily serve as a basis for the Commissioner's finding that all of the capital stock was subscribed for and would be paid as specified in the certificate of incorporation, and that no fees, commission or other compensation had been paid for the promotion of the bank or for the sale of stock. N.J.S.A. 17:9A-11(D). They argue that they are entitled to examine or cross-examine the incorporators on the facts set forth in the exhibits. They further argue that the ruling requiring them to show good and sufficient cause before the Commissioner would direct the incorporators to appear as witnesses, or permit the objectors to subpoena them, was unreasonable.
Respondent bank claims that the objectors had no right to cross-examine the incorporators and that the Commissioner's ruling precluding such examination without first showing just cause to do so should be upheld. Respondent argues that N.J.S.A. 17:9A-11(D), which sets forth the criteria that the Commissioner shall follow, does not require the submission of affidavits of the incorporators; that the affidavits required by N.J.S.A. 17:9A-9 are merely a prerequisite to obtain a hearing, and that if the objectors had any basis in fact to challenge the contents of the affidavits, it was incumbent upon them to do so by presenting affirmative proof.
In deciding whether a charter should be issued to a proposed bank the Commissioner must make certain determinations and findings under N.J.S.A. 17:9A-11(D), among which are:
"(4) that no fees, commissions, or other compensation have been paid for the promotion of the bank * * * or for the sale of the stock of the bank, * * * and,
*290 (5) that, in the case of a bank, the entire capital stock has been subscribed for, and that each subscriber has undertaken in writing to pay in cash, * * * his proportionate share of the capital stock, surplus and reserve fund for organization expense * * *."
The affidavits required by N.J.S.A. 17:9A-9 provide that each incorporator shall set forth therein: (1) that no compensation has been paid, directly or indirectly, for securing subscriptions for or selling stock in the proposed bank, and that no promotion fees have been provided for or are contemplated: (2) a complete disclosure of all fees paid in organizing the bank and securing a charter; (3) that the incorporators are the true and only parties in interest, and (4) that the entire capital stock has been subscribed for and each subscriber has undertaken in writing to pay in cash his proportionate share of the capital stock, surplus and reserve fund for organization expenses.
We find no merit in respondent's argument that the affidavits are a mere prerequisite to the Commissioner's hearings. In fact this court has held that the certificate of incorporation of a proposed bank and the incorporators' affidavits are sufficient, competent evidence to sustain the Commissioner's findings. Re Application of Millburn-Short Hills Bank, 59 N.J. Super. 470, 474-475 (App. Div. 1959).
Moreover, we do not agree that if the objectors desire to challenge the truth of the facts contained in the affidavits, they are limited only to offering affirmative proof at the hearing. The affidavits are merely prima facie evidence. If the objectors suspected or had reason to believe that an incorporator was not a true party in interest but a mere "front" for other persons whose ownership of stock might be considered inimical to the establishment of a new bank, or that he had no intention of living up to his subscription agreement, or that compensation had been paid for the promotion of the bank or solicitation of subscriptions, then the right of cross-examination of the incorporator might well be the only method of ferreting out the truth.
*291 In the instant case we hold that the objectors had the right to have the incorporators (or so many of them as were deemed essential) produced at the hearing to be examined and cross-examined as to the facts set forth in their affidavits and biographical sketches and all other matters relevant and necessary for the Commissioner to make a proper determination and findings as required by N.J.S.A. 17:9A-11(D). The ruling excluding the right of such examination was erroneous.
Appellants also claim the Commissioner erred in denying their request that Herbert H. Smith, president of Herbert H. Smith Associates, and Dr. Howard Menand, one of the subscribing stockholders, be called as witnesses. Herbert H. Smith Associates prepared an economic feasibility study at respondent's request which was admitted in evidence and Robert G. Strong, a vice-president of the company, testified as an expert witness. Near the close of the hearings appellants offered proof in the form of corporate records to show that Dr. Menand was a stockholder and director of Herbert H. Smith Associates, a fact which had not been reported in his biographical sketch. They requested that Smith and Dr. Menand be produced as witnesses and examined on the issue of possible bias of the corporation in making its economic feasibility study. The Commissioner ruled that they would not be called unless the applicants first produced evidence that the economic feasibility study was not made in good faith, or that Dr. Menand influenced Smith or Strong, who made the report, to be biased in favor of respondent.
We believe that the Commissioner erred in his ruling. It is fundamental that the interest or bias of a witness is relevant in evaluating his testimony. State v. Spruill, 16 N.J. 73, 78 (1954). Whether the economic feasibility study was the result of self-interest or bias in favor of respondent was a matter which the objectors should have been permitted to demonstrate through the examination of Smith and Dr. Menand.
*292 The case is remanded to the Commissioner to allow the introduction of testimony consistent with this opinion and thereafter to make new or amended findings and conclusions. This court retains jurisdiction. Costs to abide the event.