113 N.J. Super. 1 (1971)
272 A.2d 539
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SAMUEL RONNIE MILLER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 17, 1970.
Decided January 7, 1971.
*2 Before Judges KILKENNY, HALPERN and LANE.
Mr. Mark E. Feinman, designated counsel, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Edward R. Rosen, Assistant Prosecutor, argued the cause for respondent (Mr. Vincent P. Keuper, Monmouth County Prosecutor, attorney).
*3 The opinion of the court was delivered by KILKENNY, P.J.A.D.
Defendant was tried before a jury and found guilty of (1) possession of stolen property, contrary to the provisions of N.J.S.A. 2A:139-1, and (2) uttering forged checks, contrary to the provisions of N.J.S.A. 2A:109-1. He was sentenced to the New Jersey Reformatory for Males on each of these counts for an indeterminate term, to run concurrently and with credit for time spent in custody.
Defendant's motion to set aside the verdict as being against the weight of the evidence, to enter a judgment of not guilty in his favor as to these counts, and to allow him to enter a plea to a disorderly persons' offense of being unable to give a good account of himself, was denied.
Defendant appeals from the judgment of conviction. He advances seven points in his argument for a reversal. We consider them in the order submitted. Before doing so, however, we deem it advisable to make a brief recital of some pertinent facts.
On July 15, 1969 the office of Builders Block & Supply Co., Inc., in Freehold, was broken into and entered. There were taken therefrom 11 blank payroll checks of that corporation, two block hammers and an adding machine.
The next morning a car driven by Ulysses Murphy pulled up to the drive-in window at the Monmouth County National Bank. Defendant was identified as a passenger in the car driven by Murphy. The teller testified that defendant passed one check to the driver who, in turn, handed that check and another check, both falsely filled out for $110 each as payroll checks, to the teller to be cashed. When the men were asked for identification, they stated that they would return with some and drove away, leaving the checks with the teller. These two checks were among those originally blank checks taken from the office broken into.
The police were immediately notified. The stolen adding machine and two hammers were then found by the police *4 in Murphy's car. Murphy was present at the time of the search, but defendant was not.
Defendant was arrested on July 18, 1969 and incarcerated until October 9, 1969, when he was indicted. On September 5, 1969 he gave a statement to the police. He admitted that he suggested breaking into the office of Builders Block & Supply Co., Inc. There was some question as to the facts surrounding the statement and whether defendant was aware of his rights. However, the trial court specifically found that a statement of his rights had been read to defendant; he understood them; the police were unaware that an attorney had been appointed, and the statement was given voluntarily.

I
[The court held that the trial judge properly denied defendant's motion for severance of the fourth count (uttering forged checks) from the other three counts of the indictment respectively charging (1) breaking and entering with intent to steal, (2) grand larceny (the jury found defendant not guilty as to these counts), and (3) possession of stolen property. The joinder was premissible under R. 3:7-6.]

II
[Held, that the trial judge did not commit reversible error in denying defendant the right to cross-examine Patrolman Parrish about a "deal" was made between Murphy and the State. It was improper to impeach Murphy's testimony before he took the stand, moreover, the entire matter was gone into when Murphy was examined as to the arrangement.]

III
Defendant next argues that the court erred in denying his motion for an acquittal on the third count because the State failed to present a prima facie case of receiving *5 stolen goods within the statutory definition, N.J.S.A. 2A:139-1.
We can agree that there was no evidence connecting defendant with possession of the stolen adding machine and hammers. But there was evidence that defendant was in possession of one or more of the stolen checks. However, defendant argues that stolen blank checks do not constitute (1) goods, (2) chattels, (3) choses in action, or (4) other thing of value, referred to in N.J.S.A. 2A:139-1.
The checks were blank as of the time of their theft. As such, they were not "goods or chattels." State v. Calvin, 22 N.J.L. 207 (Sup. Ct. 1849). A blank check is not a "chose in action," the latter meaning a right to recover something by means of a suit at law. Black's Law Dictionary (4th ed. 1951).
However, the stolen blank checks may be regarded as "other things of value," within the comprehension of N.J.S.A. 2A:139-1. The checks were payroll checks of this corporation, with its name, address and numbers printed thereon. They were of some value to this corporation, at least a nominal value. The check presumably entailed a printing charge and bore the corporation's account number. Where an item is stolen and there is no proof of its value, it will be deemed to have nominal value. See State v. Hauptmann, 115 N.J.L. 412, 424 (E. & A. 1935).
Accordingly, the motions to dismiss the third count were properly denied.

IV, V, VI and VII
[The trial judge did not commit reversible error in allowing into evidence a portion of a statement made by defendant to the police while he was in custody, in the absence of counsel, defendant having been informed of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); in denying him the opportunity on redirect examination to explain the circumstances of a prior conviction of crime; in denying his motion for acquittal *6 on the third count (unlawful possession of stolen property), or in refusing to charge on the "accomplice rule."]
Affirmed.