67 N.J. 249 (1975)
337 A.2d 361
SCOTT T. CLAYTON, AN INFANT BY HIS GUARDIAN AD LITEM, CURTIS CLAYTON, AND CURTIS CLAYTON, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
FREEHOLD TOWNSHIP BOARD OF EDUCATION, WILLIAM McCROWHAN AND CLAUDIO LOPEZ, AN INFANT BY HIS GUARDIAN AD LITEM, J.R. LOPEZ, DEFENDANTS-RESPONDENTS.
The Supreme Court of New Jersey.
Argued March 3, 1975.
Decided April 22, 1975.
*250 Mr. Michael D. Schottland argued the cause for the plaintiffs-appellants (Messrs. Chamlin, Schottland & Rosen, attorneys).
Mr. Richard A. Amdur argued the cause for the defendants-respondents (Hanlon, Amdur & Hanlon, attorneys).
Mr. Bernard F. Boglioli argued the cause for defendants-respondents Freehold Township Board of Education and William McCrowhan.
The opinion of the Court was delivered by CONFORD, P.J.A.D., Temporarily Assigned.
*251 The facts and circumstances of this case are adequately stated in the reported opinion of the Appellate Division and need not be repeated here. Suffice it to say that plaintiffs suffered an adverse jury verdict in an action to recover damages for injuries sustained by the infant plaintiff, when, as a member of an elementary school gym class playing softball, he was struck in the mouth by a bat propelled through the air by a classmate, the infant defendant Lopez, in the course of swinging at a pitched ball. The Appellate Division affirmed the consequent judgment.
There were proofs sufficient to permit the jury to find either way on the factual issues of negligence by the infant defendant and breach by the defendants school board and McCrowhan (the teacher) of their duty to exercise reasonable supervisory care for the safety of students.
The question raised on appeal which motivated our grant of certification herein, 67 N.J. 72, was whether a party may offer extrinsic proof of bias or interest of an adverse witness without first cross-examining the witness on the subject. The Appellate Division construed Evid. R. 20, taken in the light of Evid. R. 22, as calling for an affirmative conclusion on the issue. We have never been called upon to speak to the subject.
We point out preliminarily that at the trial defendants' attempt to show bias of plaintiffs' supporting school-boy witnesses through direct examination of the defendant Lopez was not objected to by plaintiffs on the ground asserted on appeal  failure to have first cross-examined those witnesses for bias  but only on the baseless ground of immateriality. Had the point now asserted been made at trial, the trial judge might in his discretion have granted plaintiffs a short continuance, if needed, to permit their recall of the witnesses in rebuttal to meet the proof of bias.[1] Moreover, *252 the record does not show that plaintiffs could not have recalled the witnesses in question or the infant plaintiff himself to refute the claim of bias. For these reasons we would be loath to reverse on the ground asserted even if sound as a matter of law. Cf. State v. Macon, 57 N.J. 325, 333 (1971).
It would appear that most jurisdictions hold that before extrinsic evidence of a witness's bias can be introduced that witness must first be asked about the facts of alleged bias on cross-examination. McCormick, Evidence (2d ed. 1972), § 40, p. 80. Annot. 87 A.L.R.2d 407 (1963). The principal reasons given for the majority rule are that it gives the impugned witness an opportunity to explain what would otherwise appear to be evidence of bias and that it may save time by making the extrinsic evidence unnecessary. McCormick, op. cit. supra, at 80.
We find no express holding on the point in New Jersey decisions either prior or subsequent to the effective date of the adoption of the Rules of Evidence  September 11, 1967. Moreover, the subject, in contrast with that of the matter of need for a comparable foundation for contradiction of a witness by extrinsic proof of prior inconsistent statements by the witness, appears not to have had the conscious attention of those who submitted the principal studies of the rules of evidence prior to the adoption of the present rules in 1967. See Report of Committee on the Revision of the Law of Evidence to the Supreme Court of New Jersey (1955), 39-42, 46-64; Report of the Commission to Study the Improvement of the Law of Evidence (1956), 25-27; Report of the New Jersey Supreme Court Committee on Evidence (1963), pp. 59-65, 68-71. Compare 1972 Edition, New Jersey Rules of Evidence, annotation by State Rules of Court Review Commission, 70, 71, 81-83, 94-100.
In Roth-Schlenger, Inc. v. Schlenger, 121 N.J. Eq. 536, 537 (Ch. 1937), Vice-Chancellor Bigelow alluded with apparent *253 approval to the rule that the bias of a witness may be shown either by cross-examination or other proof, but that if the bias appears from statements of the witness rather than acts or circumstances the witness must first be questioned on the point before independent proof is admissible. In dictum the Appellate Division has implied the necessity of a qualifying cross-examination of the witness under attack without reference to the nature of the proofs demonstrating the bias. State v. Smith, 101 N.J. Super. 10, 13 (1968), certif. den. 53 N.J. 577 (1969);[2]Cf. State v. Miller, 113 N.J. Super. 1 (App. Div. 1971); In re Hamilton State Bank, 106 N.J. Super. 285 (App. Div. 1969); Lambeck v. Stiefel, 71 N.J.L. 320 (E. & A. 1904).
We think it is accurate to say that by virtue of statute and rule the present state of our law is that bias of a witness may be shown by extrinsic evidence without the necessity for prior cross-examination of the witness. Our conclusion rests on N.J.S.A. 2A:81-12 and Evid. R. 20. The statute reads, in pertinent part:
For the purpose of affecting the credibility of any witness, his interest in the result of the action, proceeding or matter * * * may be shown by examination or otherwise, and his answers may be contradicted by other evidence * * *. (emphasis ours).
Since the act enabling the adoption of the evidence rules did not repeal N.J.S.A. 2A:81-12, the latter remains in effect. L. 1960, c. 52, § 16(4); Evid. R. 2(4). The statute obviously does not require a foundation to support the admission of extrinsic proof to show bias or interest of a witness. It may be noted that this statute in another aspect (admissibility of a conviction to affect credibility) has been treated as having binding effect on this court. State v. Hawthorne, 49 N.J. 130 (1967).
*254 The same result may be posited on Evid. R. 20, particularly when contrasted with Evid. R. 22. In this respect we concur in the determination of the Appellate Division. Evid. R. 20 provides, so far as pertinent:
* * * for the purpose of impairing or supporting the credibility of a witness, any party including the party calling him may examine him and introduce extrinsic evidence relevant upon the issue of credibility * * *. (emphasis ours).
Evid. R. 22(b) provides that "[a]s affecting the credibility of a witness * * * extrinsic evidence of prior contradictory statements" of the witness may in the court's discretion be excluded unless the witness was first confronted with the statements while testifying. The qualified excludability of statements within Evid. R. 22 not previously called to the attention of the witness, as contrasted with the absence of any mention of such a qualification on extrinsic evidence in Evid. R. 20, taken in the light of the then and still existing widespread difference of viewpoint as to the mooted foundation in bias or interest situations, justifies the conclusion that it was not the intent of the drafters of Evid. R. 20 to require it.
Plaintiffs contend that, whatever the language of the evidence rule and statute, the court should as a matter of sound procedural policy construe them to require initial confrontation of the witness with the facts of alleged bias. We need not here decide whether, so far as the evidence rule is concerned, the court could properly so determine judicially[3] under the umbrella of Evid. R. 5, which states that the adoption of the rules "shall not bar the growth and development of the law of evidence in accordance with fundamental principles to the end that the truth may be fairly ascertained." See State v. Hampton, 61 N.J. 250, 270-271 (1972). Nor need *255 we assay the question whether we may modify the statute to accord with plaintiffs' position in the exercise of our paramount power to prescribe matters of procedure, albeit in the course of deciding an appeal. Cf. Busik v. Levine, 63 N.J. 351, 358, appeal dismissed, 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973). Our conclusion is that this appeal is not the appropriate vehicle for a de novo reexamination of the rule under consideration on its merits in view of the failure of the plaintiffs to have raised the point at the trial and because we do not regard the failure of defendants to have laid the foundation contended for, under all the circumstances presented, to have resulted in a manifest denial of justice.
As to the other grounds of appeal presented, we agree with their disposition by the Appellate Division.
Judgment affirmed.
HUGHES, C.J., concurring in the result.
For affirmance  Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD  7.
For reversal  None.
NOTES
[1] We think a trial judge may appropriately exercise his discretion in this manner if necessary to prevent an injustice even though we hold here that the Appellate Division was correct in its determination as to the legal rule in controversy.
[2] The court did not allude to Evid. R. 20, possibly because the rule had apparently not yet taken effect at the time of trial. There was also no reference to N.J.S.A. 2A:81-12. See infra.
[3] As distinguished from activating the mechanics of L. 1960, c. 52 to revise the rule.